# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RITLABS, S.R.L.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>RITLABS, INC., and SERGHEI DEMCENKO,<br><br>Defendants/Counter-Claimants. | Case No.: 1:12CV215<br><br>Hon. Anthony J. Trenga |

**DEFENDANT DEMCENKO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEMCENKO**

Defendant Demcenko, by and through his attorneys, and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff Ritlabs, S.R.L.'s first requests for admission as follows:

**PRELIMINARY STATEMENT**

1. Defendant Demcenko's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Plaintiff's requests for admission, Defendant does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency,

relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers requests for admission or responses thereto to be relevant or material to the subject matter of this action.

3. Defendant Demcenko expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

Specific objections to each interrogatory are, where applicable, stated in the responses to the requests set forth below. In addition to said specific objections, Defendant Demcenko interposes the following general objections to each and every request for admission propounded by Plaintiffs and set forth below.

1. Each response is subject to all appropriate objections, including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any statement contained therein if the request were asked of a witness present and testifying in court, or of any statement contained therein, if the answer were given by the witness. All such objections and grounds are reserved and may be interposed at the time of trial or arbitration.

2. Defendant Demcenko objects to the entire set of requests for admission, and each request for admission, to the extent that the request for admission calls for response the contents of which is protected by the attorney-client privilege, the attorney work product privilege, and/or any other applicable privilege or protection.

3. Defendant Demcenko objects to Plaintiff's requests for admission, and to each and every individual request for admission contained therein, to the extent that they purport to seek information the disclosure of which would violate the constitutional, statutory and/or common law privacy rights of third parties.

4. Defendant Demcenko objects to Plaintiff's requests for admission, and to each and every individual request for admission contained therein, to the extent that they purport to seek confidential information or trade secrets.

5. Defined terms used by Plaintiff shall have the same meaning herein.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that you previously owned twenty-five percent (25%) of IBIS, SRL.

**Response to Admission No. 1:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that IBIS, SRL was primarily involved in the manufacturing of hosiery.

**Response to Admission No. 2:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Please admit that IBIS, SRL owned fifty percent (50%) of RIT, SRL.

**Response to Admission No. 3:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**<u>REQUEST FOR ADMISSION NO. 4</u>:**

Please admit that you currently own forty percent (40%) of the outstanding membership interests of RitLabs, SRL.

**Response to Admission No. 4:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**<u>REQUEST FOR ADMISSION NO. 5</u>:**

Please admit that you have never been listed as the registrant of the <ritlabs.com> domain name within the WHOIS database.

**Response to Admission No. 5:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this

request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that you have never been listed as the registrant of the <ritlabs.net> domain name within the WHOIS database.

**Response to Admission No. 6:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 7:**

Please admit that you have never been listed as the registrant of the <batpost.com> domain name within the WHOIS database.

**Response to Admission No. 7:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is

vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 8:**

Please admit that you have never been listed as the registrant of the <thebat.net> domain name within the WHOIS database.

**Response to Admission No. 8:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 9:**

Please admit that you incorporated RitLabs, Inc. with the State of Virginia on July 14, 2008.

**Response to Admission No. 9:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 10:**

Please admit that you are the only shareholder of RitLabs, Inc.

**Response to Admission No. 10:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 11:**

Please admit that you did not obtain a three-fourths (3/4) vote of the members of RitLabs, SRL prior to incorporating RitLabs, Inc. with the State of Virginia.

**Response to Admission No. 11:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 12:**

Please admit that on December 14, 2011 you took control of the <ritlabs.com> domain name and changed the WHOIS information associated with the domain name from RitLabs, SRL to RitLabs, Inc.

**Response to Admission No. 12:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this

request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 13:**

Please admit that on December 14, 2011 you accessed the registrant account associated with the <ritlabs.com> domain name and changed the password used to access that registrant account.

**Response to Admission No. 13:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 14:**

Please admit that on or about December 17, 2011 you took control of the <ritlabs.net> domain name and changed the WHOIS information associated with the domain name from RitLabs, SRL to RitLabs, Inc.

**Response to Admission No. 14:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is

vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 15:**

Please admit that on or about December 17, 2011 you took control of the <batpost.com> domain name and changed the WHOIS information associated with the domain name from RitLabs, SRL to RitLabs, Inc.

**Response to Admission No. 15:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 16:**

Please admit that on December 17, 2011 you took control of the <thebat.net> domain name and changed the WHOIS information associated with the domain name from RitLabs, SRL to RitLabs, Inc.

**Response to Admission No. 16:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 17:**

Please admit that on January 21, 2012 you modified the IP address reflected in the MX record associated with the <ritlabs.com> domain name.

**Response to Admission No. 17:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 18:**

Please admit that on December 1, 2009 you executed a license agreement between RitLabs, Inc. and RitLabs, SRL on behalf of RitLabs, SRL.

**Response to Admission No. 18:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 19:**

Please admit that on December 1, 2009 you executed a license agreement between RitLabs, Inc. and RitLabs, SRL on behalf of RitLabs, SRL without first obtaining a three-fourths (3/4) vote of the members of RitLabs, SRL.

**Response to Admission No. 19:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 20:**

Please admit that on December 1, 2009 you executed a license agreement between RitLabs, Inc. and RitLabs, SRL on behalf of RitLabs, SRL without first obtaining a majority vote of the disinterested members of RitLabs, SRL.

**Response to Admission No. 20:** Defendant Demcenko incorporates into this response his General Objections above as if fully set forth herein. Defendant Demcenko objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Demcenko will respond with all non-privileged responsive information.

Dated: May 18, 2012

/s/
________________________________
Kevin R. Garden
Virginia Bar No. 30244

                                            ______________________________

Attorney for Defendant
Serghei Demcenko
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May, 2012, I served the foregoing **DEFENDANT DEMCENKO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DEMCENKO** by U.S. Mail, postage prepaid, on:

John Di Giacomo
Traverse Legal, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
(231) 932-0636
john@traverselegal.com

________/s/__________

Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Serghei Demcenko
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RITLABS, S.R.L.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>RITLABS, INC., and SERGHEI DEMCENKO.<br><br>Defendants/Counter-Claimants. | Case No.: 1:12CV215<br><br>Hon. Anthony J. Trenga |

**DEFENDANT RITLABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RITLABS, INC.**

Defendant Ritlabs, Inc. by and through their attorneys, and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff Ritlabs, S.R.L.'s first requests for admission as follows:

**PRELIMINARY STATEMENT**

1. Defendant Ritlabs, Inc.'s investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Plaintiff's requests for admission, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency,

relevancy, materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers requests for admission or responses thereto to be relevant or material to the subject matter of this action.

3. Defendant Ritlabs, Inc. expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL OBJECTIONS**

Specific objections to each interrogatory are, where applicable, stated in the responses to the requests set forth below. In addition to said specific objections, Defendant Ritlabs, Inc. interposes the following general objections to each and every request for admission propounded by Plaintiff and set forth below.

1. Each response is subject to all appropriate objections, including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any statement contained therein if the request were asked of a witness present and testifying in court, or of any statement contained therein, if the answer were given by the witness. All such objections and grounds are reserved and may be interposed at the time of trial or arbitration.

2. Defendant Ritlabs, Inc. objects to the entire set of requests for admission, and each request for admission, to the extent that the request for admission calls for a response the contents of which is protected by the attorney-client privilege, the attorney work product privilege, and/or any other applicable privilege or protection.

3. Defendant Ritlabs, Inc. objects to the entire set of requests for admission, and each request for admission, to the extent that the request for admission calls for a response the contents of which includes confidential information or trade secrets.

4. Defendant Ritlabs, Inc. objects to Plaintiff's requests for admission, and to each and every individual request for admission contained therein, to the extent that they purport to

seek information the disclosure of which would violate the constitutional, statutory and/or common law privacy rights of third parties.

5. Defined terms used by Plaintiff shall have the same meaning herein.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR ADMISSION NO. 1:**

Please admit that on December 1, 2009 you entered into a license agreement between RitLabs, Inc. and RitLabs, SRL.

**Response to Admission No. 1:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that on December 1, 2009 Defendant Sergei Demcenko executed the license agreement between RitLabs, Inc. and RitLabs, SRL on behalf of RitLabs, SRL without authorization.

**Response to Admission No. 2:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that Defendant Sergei Demcenko is a shareholder of RitLabs, Inc.

**Response to Admission No. 3:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that Olga Somova is a shareholder of RitLabs, Inc.

**Response to Admission No. 4:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this request for admission on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this request for admission is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

/s/

Dated: May 18, 2012

______________________________

Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Ritlabs, Inc.
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA22314

                Telephone: (703) 535-5565
                Fax: (202) 318-0723
                kg@legal-counsels.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May, 2012, I served the foregoing **DEFENDANT RITLABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT RITLABS, INC.** by U.S. Mail, postage prepaid, on:

John Di Giacomo
Traverse Legal, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
(231) 932-0636
john@traverselegal.com

/s/

Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Ritlabs, Inc.
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com