# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| RITLABS, S.R.L., | Case No.:  1:12CV215 AJT/IDD |
| Plaintiff/Counter-Defendant, | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS** |
| v. | |
| RITLABS, INC., and SERGHEI DEMCENKO, | |
| Defendants/Counter-Claimants. | Hon. Anthony J. Trenga |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS

On June 28, 2012, Plaintiff filed two motions for summary judgment in this proceeding: (1) Plaintiff's Motion for Summary Judgment as to Plaintiff's Claim (hereinafter "First Summary Judgment Motion")(ECF #83) and (2) Plaintiff's Motion for Summary Judgment as to Defendants' Claims (hereinafter "Second Summary Judgment Motion")(ECF # 85).  In doing so, Plaintiff blatantly violated Local Rule 56(c) of the United States District Court Eastern District of Virginia (hereinafter "Local Rules").  As a result of this violation, Defendants are unfairly burdened with responding to a *de facto* <u>fifty-five (55)</u> page motion for summary judgment, as well as all the costs associated therewith.  In light of the clearly deliberate nature of Plaintiff's violation of the Local Rules, Defendants request that this Court strike Plaintiff's Second Motion for violation of Local Rule 56(c) and/or award sanctions to Defendant, namely compensation for the cost of responding to Plaintiff's Second Motion and filing of this Motion.

## I.     Argument

Rule 56(c) clearly states that "Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment." On June 28, 2012, without first seeking leave of this Court, Plaintiff filed its First Summary Judgment Motion and Second Summary Judgment Motion. ECF # 83; ECF #85.  Combined, the briefs in support of Plaintiff's two summary judgment motions number <u>fifty-five pages (55)</u> in length. *See* ECF #83 (memorandum in support of the First Motion is 30 pages in length); ECF #85 (memorandum in support of the Second Motion is 25 pages in length).

In submitting its two summary motions for summary judgment, Plaintiff clearly violated Local Rule 56(c).  Plaintiff's First Summary Judgment Motion and Second Summary Judgment Motion are based largely on the same set of facts, the sole difference being that the First Summary Judgment Motion addresses Plaintiff's claims while the Second Summary Judgment Motion responds to Defendants' counterclaims.  For instance, both the First Motion and the Second Motion seek summary judgment against Defendant Demcenko for breach of fiduciary duty to Plaintiff.  When questioned about this violation, Plaintiff's counsel asserted that it could submit two briefs based on this distinction.  This argument is disingenuous.[1]  There is no legitimate reason as to why Plaintiff could not have combined the two motions into a single motion, as Rule 56(c) requires, and adhere to this Court's (30) page limit for briefs in support of motions.  *See* Local Rule 7(f)(3) ("Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced . . .").

---

[1] This is not Plaintiff's first meritless action in this case.  Plaintiff is the same party which recently filed a totally unsupported motion to disqualify Defendants' counsel which the Court strongly denied, noting that Plaintiff's counsel had come very close to a Rule 11 violation.

Instead, Plaintiff *de facto* filed a 55 page long memorandum in support of its summary judgment motion in violation of the Local Rules page number limit, and attempted to conceal this fact by submitting two separate summary judgment motions in violation of Local Rule 59(c). Indeed, it is apparent that Local Rule 56(c) was instituted precisely to counter tactics like Plaintiff's to skirt the page limitation for summary judgment filings.  Consequently, Defendants respectfully request for Plaintiff's Second Motion to be stricken for violation of Local Rule 56(c).

Defendants also request monetary sanctions to be levied against Plaintiff.  As a result of Plaintiff's blatant disregard for the Local Rules, Defendants now find themselves in the position of having to respond to two motions for summary judgment, totaling 55 pages, in an 11 day span. To do so, Defendants' counsel will be forced to expend significantly more time than would have been required to respond had Plaintiff adhered to this Court's rules, at substantial monetary cost to Defendants.  Moreover, the filing of this motion will not avoid all those costs given that it will not be decided until shortly before Defendants' opposition is due on July 9, 2012.  Defendants should not have to bear the burden of this additional and unnecessary cost without compensation thereof by Plaintiff.  Accordingly, in addition to having Plaintiff's second motion struck (or, in the alternative), Defendants request sanctions against Plaintiff for violation of Rule 56(c), namely compensation for attorneys' fees associated with responding to Plaintiff's Second Motion as well as all other sanctions this Court sees fit to impose.[2]

---

[2] Additionally, Plaintiff violated the 16(B) Scheduling Order requirement that "each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, *in numbered-paragraph form*, each material fact that movant contends is undisputed . . . " (emphasis added).  This failure not only provided Plaintiff with an advantage due to it allowing Plaintiff to reduce space used to set out its facts, but it will make it very, very problematic for Defendants to refer to Plaintiff's facts when opposing those facts.  Finally, ECF # 83 and # 85 appear to have either different size fonts or page spacing (ECF # 83 appears to be

**II.      Conclusion**

In light of Plaintiff's obviously deliberate disregard for the Local Rules, Defendants respectfully request (1) that Plaintiff's Second Motion to be struck from the record and/or (2) that this Court to sanction Plaintiff by awarding Defendants with the cost of their attorneys' fees in responding to Plaintiff's Second Motion and in filing this motion.

<div style="margin-left: 40%;">

Respectfully submitted,

</div>

Dated: June 29, 2012                    By:   /s/
                                             Kevin R. Garden
                                             Virginia Bar No. 30244
                                             Attorney for Defendants
                                             Ritlabs, Inc. and Serghei Demcenko
                                             International Legal Counsels, PC
                                             901 N. Pitt St., Suite 325
                                             Alexandria, VA 22314
                                             Telephone: (703) 535-5565
                                             Fax: (202) 318-0723
                                             kg@legal-counsels.com

---

printed in 11-point font).  If that is the case, Plaintiff has also violated Local Rule 7(F)(3) which would give it another unfair advantage.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2012, I will electronically file the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> **John Andrew Baxter**
> **I.S. Law Firm PLLC**
> **1199 N Fairfax St**
> **Suite 702**
> **Alexandria, VA 22314**

_____/s/_____
Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendants
Ritlabs, Inc. and Serghei Demcenko
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

1