# EXHIBIT D

*Translation from the Romanian language into the English language*

# Republic of Moldova
# PARLIAMENT

## LAW No.135
## Of the 14th of June, 2007
## On Limited Liability Companies

Published on the 17th of August, 2007, in Official Monitor nos.127-130, article no.548
Date of coming into effect: the 17th of November, 2007

AMENDED
Through Law of the Parliament no.108-XVIII of the 17th of December, 2009, Official Monitor nos.193-196 of the 29th of December, 2009, article 609; in effect – since the 01st of January, 2010

The Parliament adopts the present organic law.

## Chapter I
## GENERAL PROVISIONS

Article 1. Sphere of Application

The present law regulates the mode of constitution, functioning, reorganization and liquidation of limited liability companies.

Article 2. Notion of a Limited Liability Company

(1) A limited liability company (hereinafter referred to as a company) is a commercial company with the status of a legal person, whose registered capital is divided into participation shares in accordance with constitutive act and whose obligations are guaranteed by the company's property.

(2) The company exercises its rights and obligations via its administrator from the date of its constitution.

Article 3. Name of the Company

(1) The full name of the company shall compulsorily include the words "limited liability company" written in the state language and the short name shall contain the abbreviation "Limited".

(2) The company shall use its name only in that form, which is indicated in the constitutive act and in the State Register of Enterprises and Organizations.

(3) Any act and any letter coming from the company shall contain the name, location, state registration number of the company, surname and name of the administrator.

Article 4. Location

(1) The company has a location that is indicated in the constitutive act. Any modification of the company's location shall be mentioned in the constitutive act and registered in the State Register of Enterprises and Organizations.

(2) The registered office of the company is the address of its location. The company may also have other postal addresses.

Article 5. Objective

(1) The company is constituted in order to carry out any gainful activity that is not prohibited by the legislation.

(2) Some types of activity established by the legislation are carried out only on the basis of a license.

Article 6. Duration of the Activity

The company is constituted for an unlimited period if the constitutive act does not provide otherwise.

Article 7. Branches and Representation Offices

(1) The company has the right to create branches and representation offices in the Republic of Moldova pursuant to the present law and other legislative acts and abroad – pursuant to the

1

legislation of a foreign country if the international treaty, which the Republic of Moldova is a party to, does not provide otherwise.

(2) A branch is a separate subdivision of the company that is situated out of the company's location and that may carry out some of its functions.

(3) A representation office is a separate subdivision of the company that is situated out of the company's location, represent and protects its interests and does not have the right to carry out entrepreneurial activity.

(4) The branch and representation office shall be equipped with property of the company that created them.

(5) The branch and representation office are not legal persons and act in the name of the company on the basis of the regulations adopted by the company. The company that created a branch and a representation office is responsible for their activity.

(6) The administrator of the branch or representation office exercises his (her) functions on the basis of the regulations of the branch or representation office adopted by the company and of the mandate issued by the company.

Article 8. Affiliated Companies and Dependent Enterprises

(1) The company may have affiliated companies and dependent enterprises created in the Republic of Moldova pursuant to the Civil Code and abroad – pursuant to the legislation of a foreign country if the international treaty, which the Republic of Moldova is a party to, does not provide otherwise.

(2) Affiliated companies and dependent enterprises are legal persons.

Article 9. Obtainment of the Status of a Legal Person and Liability

(1) The company is considered to be constituted and obtains the status of a legal person from the date of state registration.

(2) The company shall be liable for the obligations assumed to the extent of all its property.

(3) The associates are not liable for company's obligations. They bear the risk of loss resulting from the company's activity within the limits of their participation share in the registered capital.

(4) An associate that did not make the contribution stipulated within the terms set shall bear subsidiary responsibility for company's obligations within the limits of the contribution stipulated.

Article 10. Keeping of Company's Documents

(1) The company is bound to keep:

a) constitutive act of the company and all modification introduced in it and registered at the state registration authority;

b) minutes of the general assemblies of associates that contain decisions on constitution of the company, on approval of the value of the contributions in kind, as well as other decisions on issues on constitution of the company;

c) state registration certificate of the company;

d) documents confirming company's rights to its property;

e) company's registers;

f) regulations of the branches and representation offices of the company;

g) minutes of the general assemblies of associates and of the meetings of the company's council;

h) notices of the auditor and tax authorities;

i) internal documents of the company;

j) other documents stipulated by the legislation, by the constitutive act of the company, by the company's documents, by the general assemblies of associates and by the administrator.

(2) The company keeps the documents stipulated in paragraph (1) at its location.

(3) In case of liquidation of the company the liquidator or administrator is bound to transmit the company's documents to the state archive in conformity with the legislation before exclusion of the company from the State Register of Organizations and Enterprises.

(4) Any associate has the right to get acknowledged with the documents indicated in paragraph (1) and to obtain their extracts and/or copies recompensing the expenses related to execution of extracts and copies, as well as postal charges for their mailing.

## Chapter II
## CONSTITUTION OF THE COMPANY

Article 11. Associates

(1) The company may be constituted by one or more natural and/or legal persons, whom the legislation does not prohibit to do this. Number of associates cannot be bigger than 50. The company that has more than 50 associates is bound to reorganize itself, to liquidate itself or to reduce the number of associates. In case of non-fulfillment of the conditions mentioned the company shall be liquidated on the basis of the decision of the court instance upon request of the interested persons.

(2) The founders of the company become its associates at the date of state registration of the company.

Article 12. Constitutive Act

(1) The constitutive act of the company shall be the articles or memorandum of incorporation. A legal person constituted by a sole founder shall act on the basis of the articles of incorporation approved by this founder.

(2) The constitutive act shall be signed by all founders and is authenticated by a notary. Signing of the constitutive act by the representatives of the founders is allowed only on the basis of a power of attorney authenticated by a notary.

(3) The constitutive act shall be drafted in the state language.

Article 13. Contents of the Constitutive Act

(1) The constitutive act of the company shall include:

a) surname and name, date and place of birth, domicile, citizenship and other data from the identity act of a founder-natural person; name, locality, nationality (country of registration), state registration number of a founder-legal person;

b) name of the company;

c) type of activity;

d) amount of the registered capital;

e) face value of the associates' participation shares;

f) amount of the participation shares (contributions) of associates, mode and terms of their pay-in;

g) value of the goods placed as a contribution in kind and mode of evaluation in case if such contributions have been made;

h) location of the company;

i) structure, functions, mode of constitution and functioning of the governing bodies of the company;

j) mode of representation;

k) branches and representation offices of the company if any;

l) bases and mode of reorganization and liquidation of the company.

(2) The constitutive act may also include other provisions that do not contradict the legislation.

Article 14. Legal Effect of the Constitutive Act

(1) Provisions of the constitutive act shall be compulsory for associates and bodies of the company.

(2) Provisions of the constitutive act and modifications introduced therein shall be accepted by the third parties from the moment of registration in the State Register of Enterprises and Organizations.

Article 15. Legal Status of the Company before Its Registration

(1) The company is not a legal person till the moment of state registration.

(2) Persons, who acted in the company's name before registration of the company, shall bear unlimited and joint responsibility for legal acts concluded if the company does not assume the obligations arising from these acts or if another agreement is not reached.

Article 16. State Registration of the Company

(1) The company shall be registered at the State Registration Chamber in the way and terms set by the legislation.

3

(2) The application for registration of the company and acts necessary for registration shall be submitted by the founders (founder) or by authorized persons on the legal basis.

(3) If registration did not take place within 3 months from the date of authentication of the constitutive act by a notary, the company's founders shall be released from the obligations resulting from their participation shares unless otherwise provided by the constitutive act.

(4) Persons that acted in the company's name are bound to hand over all acts and correspondence regarding registration to the company's administrator.

(5) If there is necessity in registration of one or several branches and/or representation offices, their name and location shall be indicated in the constitutive act.

Article 17. Modification of the Constitutive Act

(1) The constitutive act may be modified only through the decision of the general assembly of associates.

(2) The decision on modification of the constitutive act shall be adopted by at least three fourths of the total number of votes. Modifications aimed to establishment of supplementary participation shares of associates stipulated in the constitutive act shall be adopted by the unanimous vote of associates.

Article 18. Peculiarities of Constitution of a Company with the Sole Associate

(1) The company may have a natural or legal person as a sole associate. The entire cash contribution of the sole associate shall be paid in before state registration of the company.

(2) The provisions on the company with the sole associate shall be applied to the branches of foreign commercial companies.

(3) The contribution in kind of the sole associate shall be made maximum within 30 days from state registration of the company. The confirmation of paying in this contribution shall be presented to the registration authority within 10 day from the moment of paying in. The contribution in kind of the sole associate shall be evaluated by an independent assessor.

(4) Contracts concluded between the sole associate and its company represented by it (him, her) shall be made in the written form.

Article 19. Effects of Presentation of False Information

(1) Associates or an administrator, who, in order to constitute the company, presented false information, shall bear joint responsibility for damages incurred on the company or third parties through this. Those persons that did not know or could not know about this incorrectness shall be released from reparation of damages.

(2) Company's waiver of the right to pretend to reparation of damages set in paragraph (1) shall be void if reparation of damages is necessary for satisfaction of the interests of the company's creditors.

(3) Time allowed for claims to recovery of company's damages mentioned in paragraphs (1) and (2) shall make 3 years. Commencement of prescription shall start from the date of registration of the company.

Article 20. Invalidity of the Company

The company may be declared invalid through a court decision under conditions and in the way set by the legislation in effect.

## Chapter III
## REGISTERED CAPITAL AND PROPERTY OF THE COMPANY

Article 21. Registered Capital

(1) The registered capital of the company shall be made of the contributions of the associates and represents minimal value of the assets expressed in lei that the company shall possess.

(2) The registered capital cannot be smaller than 5400 lei.

(3) Expendable property cannot constitute a contribution to formation of the registered capital.

Article 22. Contributions

(1) It is presumed that a contribution of the associate to the registered capital of the company shall be made in cash if the constitutive act does not provide otherwise.

4

(2) Before the date of state registration of the company each founder shall pay in at least 40% of the sum of the subscribed contribution in cash into the company's account if the law or constitutive act does not provide a greater proportion. Each associate shall pay in the entire contribution subscribed maximum within 6 months from the date of company's registration. Time allowed for company's claims to the contribution against the associate shall make 3 years from state registration of the company.

(3) Goods, including patrimonial rights and money, may act as a contribution to the registered capital.

(4) Within the period of activity of the company the associates cannot ask for return of their contribution to the registered capital.

(5) The associate that did not make the contribution within the terms set is bound to repair the damages incurred on the company if the commitment undertaken led to these damages. If the company's administrator does not ask the associate to make the contribution without delays and to recover the damage caused by delay, every associate shall have the right, within the limits of the time allowed for claims, to ask in the company's name for paying in the contribution and reparation of the damages.

(6) The total sumo f the contributions cannot be smaller than the amount of the registered capital.

(7) The associates cannot be released from the obligation to make the contribution. The company's debt on transmission of the contribution cannot be settled through compensation. As for the object of the contribution in kind, there cannot be applied the right to offset based on the debt, which does not relate to this object.

(8) In case of reduction of the registered capital of the company the associates may be released from the obligation to make a contribution amounting to the sum that does not exceed the sum, which the registered capital was reduced with.

Article 23. Contribution in Kind

(1) Any goods that are in the civil turnover may constitute the object of the contribution in kind. The goods that constitute the object of the contribution in kind shall be indicated in the constitutive act.

(2) The contributions in kind shall be evaluated in money by an independent assessor and are approved by the general assembly of associates. The associate that transmitted the contribution and the assessor bear joint responsibility before the company's creditors within the limits of overestimation. Time allowed for claims to correctitude of evaluation shall make 3 years from the moment of evaluation.

(3) The constitutive act of the company may stipulate evaluation of the contribution in kind directly by the general assembly of associates without engagement of the assessor and in case of divergences in the sum of evaluation among associates – transfer of the right to evaluation to an independent assessor.

(4) The goods that are the object of the contribution in kind shall become the property of the company if the constitutive does not provide otherwise.

Article 24. Participation Share

(1) A participation share represents a fraction of the registered capital of the company, whose amount is set depending on the volume of the contribution, and shall include all rights and obligations of the associate. The participation share shall be indivisible if the constitutive act does not provide otherwise.

(2) If the constitutive act or decision of the general assembly of associates provides that the contribution shall be bigger than the face value of the participation share, the ratio between the face value of the participation share and contribution shall be the same for all associates.

(3) The associate may possess the one and only participation share that shall not be smaller than one leu. The participation shares may have different values. The participation share shall be divided without remainder to a unit expressed in lei.

(4) Each leu in the registered capital shall grant the right to a vote.

(5) In case when the associate gains a participation share or a fraction of the participation share of another associate, the participation share of the first associate shall be increased proportionally to the value of the participation share obtained.

(6) The constitutive act can limit the maximal amount of the participation share of the associates but such a limitation cannot be set for a certain associate. If the constitutive act does not provide otherwise, the associates may change the ratio among participation shares.

(7) The company shall issue a certificate attesting possession of the participation share and its amount to the associate that made the entire contribution.

Article 25. Alienation of the Participation Share

(1) The participation share or a fraction of the participation share may be freely alienated in the favor of the spouse, relatives and relatives-in-law in the direct line without limitation and up to the second degree of kindred inclusively in the lateral line, or in the favor of other associates and the company if the constitutive act does not provide otherwise.

(2) The associate cannot alienate the participation share before paying in the total amount of the contribution subscribed, except for the cases of succession.

(3) In case of alienation of the participation share in the favor of the persons other than those ones mentioned in paragraph (1) the associates have the preemptive right. In this case alienation shall be carried out in conditions of paragraphs (4)-(9).

(4) The associate that has an intention to alienate, partially or integrally, the participation share shall transmit a written offer to the administrator of the company. The latter shall bring the offer to notice of all associates within 15 days from the date of transmission.

(5) The associates shall perform their consent in the written form and transmit it to the administrator within 15 days from the date of receipt of the offer. The associate shall indicate the amount of the fraction of the participation share, which he (she, it) intends to obtain.

(6) If there is more than one applicant, each of them shall obtain a fraction of the participation share in the volume requested. In case of disagreement among them the participation share shall be distributed proportionally to the participation share held by each applicant.

(7) If the associates or company did not acquire the participation share within 30 days from the date of transmission of the offer, the participation share may be alienated in the favor of a third party at a price not lower than that one indicated in the offer.

(8) In case of sale of the participation share or its fraction with violation of the preemptive right any associate may ask for transfer of the buyer's rights and obligations to him (her, it) in the judicial procedure within 3 months from the date of conclusion of the legal act.

(9) The legal act on alienation of the participation share shall be authenticated by a notary.

(10) Any clause that contradicts the provisions of paragraphs (2)-(9) shall be void.

Article 26. Obtainment by the Company of Its Own Participation Share

(1) If the participation shares were paid in entirely, the company may obtain its own participation shares only:

a) from the associate that put up the participation share or its fraction for sale if the general assembly of associates decided, at the seller's request, that it should be obtained by the company;

b) from the successors of the deceased associate;

c) in case of enforcement of indebtednesses of the associate's creditor;

d) in case of exclusion of the associate from the company;

e) in conformity with paragraph (3) of article 38.

(2) The participation share may be obtained by the company only on the account of the assets that exceed the amount of the registered capital and other funds, which the company is bound to constitute and which are not allowed for making payments to the associates.

(3) The company that obtained a participation share in its registered capital shall not have the right to take part in the vote at the general assemblies of the associates, to receive a part of the distributed profit for this participation share and to receive a part from the company's property in case of its liquidation.

(4) The company is bound to decrease its registered capital proportionally to the value of the participation share obtained in case if the participation share was not alienated within 6 months from

6

the moment of obtainment or if the company does not proportionally increase the participation shares on the account of the company's net profit within the same period.

(5) The company cannot purchase the participation share from its sole associate.

(6) If the company possesses its own participation shares, only the votes that represent the participation shares of the associates shall be taken into consideration in the course of counting of the votes necessary for adoption of decisions by the general assembly of associates.

Article 27. Mortgaging of the Participation Share

(1) The associate has the right to mortgage the participation share that belongs to it or its fraction to another associate or a third party. The participation share shall be considered mortgaged upon the condition that the right of the mortgagee was registered in conformity with provisions of the legislation in effect.

(2) In case of sale of the participation share mortgaged the associates and company shall have the preemptive right to its acquisition under the conditions of article 25.

Article 28. Exercise of the Rights of the Joint Owners of the Participation Share

(1) If more than one person has the participation share in their indivisible possession, these persons may exercise their rights to the participation share only in the solidary mode.

(2) The joint owners shall bear joint responsibility before the company for execution of the obligations that result from possession of the participation share.

(3) If a common representative of the joint owners was not assigned, the legal acts performed by the company in relation to the owner of the participation share shall be valid even if they were performed in relation to one of the joint owners.

Article 29. Recovery Proceedings against the Participation Share by the Creditors

(1) The creditors of the associate may institute recovery proceedings against the participation share only on the basis of the enforcement order in case when the indebtednesses cannot be satisfied on the account of other goods of the associate.

(2) The right of the creditors to the participation share shall be exercised in compliance with the preemptive right of other associates of the company.

Article 30. Registration of the Cession of the Participation Share

(1) The participation share shall be regarded as belonging by the right to the acquirer from the date of registration of transfer of the ownership right in the State Register of Enterprises and Organizations.

(2) In order to register transfer of the ownership right to the participation share the acquirer shall present the legal act on alienation authenticated by a notary to the State Registration Chamber.

Article 31. Capital Reserves

(1) The company is bound to form the capital reserves in the amount of at least 10% of the registered capital.

(2) The capital reserves of the company may be used only for covering losses or for increasing its registered capital.

(3) The capital reserves of the company are formed by annual assignments from its profit, in the amount of at least 5% of the net profit until reaching the amount set by the constitutive act.

4) If the value of the net assets of the company falls under the level of the registered capital and capital reserves, assignments to the capital reserves shall restart.

Article 32. Modification of the Registered Capital

(1) The registered capital may be modified through increase or reduction.

(2) Modification of the registered capital shall be carried out through modification of the constitutive act and registration of modification in the State Register of Enterprises and Organizations.

Article 33. Increase of the Registered Capital

(1) Increase of the registered capital of the company is allowed only upon paying in the entire contributions subscribed.

(2) The registered capital shall be increased through:

a) proportional increase of the participation shares on the account of the net profit of the company or of the funds from the capital reserves;

7

b) paying in supplementary contributions by the associates and/or third parties that became associates.

(3) Increase of the registered capital on the account of paying in new contributions shall be carried out in compliance with provisions of paragraph (6) of article 24.

(4) In case of increase of the registered capital registration of modifications in the constitutive act of the company in the State Register of Enterprises and Organizations shall be carried out upon paying in the contributions in the effective manner. When carrying out state registration the evidence of paying in the contributions shall be provided.

(5) If increase of the registered capital did not take place, the company shall return the supplementary contributions to the associates that were transmitted to it within 3 months from the date of adoption of the decision on modification of the constitutive act by the general assembly of associates. In case if the company did not return the respective contributions within the terms set, the company is bound to pay the interest stipulated by the legislation.

Article 34. Reduction of the Registered Capital

(1) The company has the right and in cases stipulated by the legislation it is bound to reduce the registered capital.

(2) The registered capital of the company may be reduced through:

a) proportional reduction of the face value of all participation shares;

b) extinguishment of the participation shares obtained by the company.

(3) If reduction of the registered capital is not motivated by losses, restitution of some fractions of the contributions to the associates shall be carried out by the company only after state registration of modifications introduced into the constitutive acts and related to reduction of the registered capital but not later than in 3 months from the date of state registration.

(4) The company cannot reduce the registered capital under the minimal amount set by the present law.

Article 35. Company's Obligation to Reduce the Registered Capital

(1) The company is bound to reduce its registered capital if:

a) the associates did not pay in the entire contributions subscribed upon expiry of 6 months from the date of state registration;

b) the value of the net assets of the company is smaller than the registered capital and the associates do not cover losses suffered upon expiry of the second year and every next financial year.

(2) In cases mentioned in paragraph (1) the general assembly of associates is bound to decide on reduction of the registered capital:

a) to the amount of the registered capital that was effectively paid in;

b) to the value of the net assets that is determined in conformity with legal provisions.

(3) In case when the value of the net assets goes under the level of the minimal amount of the registered capital set by the present law as a consequence of reduction of the net assets value, the associates are bound to liquidate the company if they do not cover losses.

(4) If, in cases mentioned in paragraph (1), the company does not reduce its registered capital, it may be liquidated through a court decision upon request of the creditors or the State Principal Tax Inspectorate.

Article 36. Obligation to Inform the Creditors and to Register Reduction of the Registered Capital

(1) The company is bound to notify all its creditors in the written form and to publish a notice regarding reduction of the registered capital in the Official Monitor of the Republic of Moldova and on the website of the State Registration Chamber within 15 days from the date of adoption of the decision on reduction of the registered capital at the general assembly of associates. The creditors of the company shall have the right to ask the company for supplementary guarantees or anticipated execution of the respective obligations and for reparation of the damage within 3 months from the date of notice publishing, granting the option right to the company. Claims against the company shall be laid in the written form.

(2) Reduction of the registered capital shall be registered at the State Registration Chamber upon expiry of 3 months from the date of notice publishing. In case if the creditors asked for the

guarantees or submitted applications for execution of obligations, reduction of the registered capital shall be registered after granting the guarantees or satisfaction of the creditors' indebtednesses.

(3) In the application for registration of reduction of the registered capital the administrator shall give guarantees that the indebtednesses claimed by the creditors have been satisfied or guaranteed.

(4) The administrator shall be responsible for damages incurred on the creditors as a result of their non-notification about reduction of the registered capital or about registration of reduction of the registered capital without granting guarantees or satisfying the indebtednesses claimed by the creditors.

Article 37. Supplementary Contributions of the Associates

(1) The constitutive act of the company may stipulate that the associates have the right to adopt decisions on paying in the supplementary contributions. A decision on paying in the supplementary contributions shall be adopted by the unanimous vote of the associates.

(2) The supplementary contributions shall be made in proportion to the amount of the participation shares of each associate.

(3) The amount of the supplementary contributions made in proportion to the volume of the participation shares may be limited through the constitutive act.

Article 38. Release of the Associate from the Obligation to Paying in a Supplementary Contribution to the Registered Capital

(1) The associate that made the entire contribution into the registered capital has the right to be released from the obligation to pay in a supplementary contribution to the registered capital in case of putting to the company's disposal of his (her, its) participation share, on the account of which the obligation to pay in a supplementary contribution is extinguished, within a month from the date of appearance of such an obligation. If the associate does not exercise this right or does not pay in a supplementary contribution within the terms set, the company may notify the associate via registered mail that his (her, its) participation share is considered to be put at the company's disposal.

(2) The company is bound to sell the participation share at the public auction within a month from the date when this share was put at its disposal. Sale of the participation share in any manner whatsoever shall be carried out only with associate's consent. If the assets gained from sale of the participation share exceed the volume of the supplementary contribution that is not paid in and the expenses related to sale, the difference shall be returned to the associate. If the assets gained from sale of the participation share falls under the level of the volume of the supplementary contribution that is not paid in by the associate, the company shall not have the right to ask the associate for payment of difference.

(3) In case when the company's indebtedness cannot be satisfied through sale, the participation share shall become the property of the company. The company may alienate the participation share on its own account.

Article 39. Profit Distribution

(1) The company shall annually distribute the profit remained after payment of taxes and other compulsory payouts if the constitutive act does not provide otherwise. The decision on determination of the part of the profit to be distributed shall be adopted by the general assembly of the associates.

(2) The profit shall be distributed in proportion to the amount of the participation share. The way of distribution of the company's profit may be modified through the decision of the general assembly of associates that shall be adopted by the unanimous vote of the associates.

(3) The profit shall be paid to the associates in the monetary form within 30 days from the date of adoption the decision on profit distribution if the assembly of associates did not set other terms.

Article 40. Limitation of Distribution or Payment of the Profit

(1) The company shall not have the right to adopt a decision on distribution of the profit among the associates:

a) before paying in the entire contributions;

b) if the value of the net assets of the company falls under level of the sum of the registered capital and capital reserves as a result of profit distribution.

(2) The company shall not have the right to pay the associates the profit that was decided to be distributed at the general assembly of associates if at the moment of payment the company is insolvent or may become insolvent as a result of profit distribution.

(3) In case of termination of the circumstances mentioned in paragraphs (1) and (2) the company is bound to pay the associates the profit that was decided to be distributed at the general assembly of associates.

(4) The profit paid in the breach of the regulations set in paragraphs (1) and (2) shall be returned to the company.

Article 41. Interdiction to Granting Loans

The company cannot grant loans to the associates or third persons for acquisition of its participation shares.

### Chapter IV
### ASSOCIATES. BODIES OF THE COMPANY
#### Section 1.
#### Associates

Article 42. Obtainment of the Status of an Associate

(1) The status of an associate shall be obtained through participation in constitution of the company or through obtainment of a participation share after constitution.

(2) A physical person cannot obtain the status of an associate if he (she) was deprived of this right through a court decision or the legislation.

(3) A legal person may obtain the status of an associate if the legislation or constitutive act does not provide otherwise.

Article 43. Associate's Rights

The associate shall use the rights set by the legislation and constitutive act including the right:

a) to take part in governance of the company in conformity with legal provisions and provisions of the constitutive act;

b) to vote at the general assemblies of associates;

c) to be informed about company's activity;

d) to exercise control over the mode of company administering;

e) to alienate and to obtain a participation share under legal conditions;

f) to ask for company dissolution;

g) to take part in profit distribution;

h) in case of company liquidation – to obtain the value of a part of the company's property remained after settlement with its creditors and employees, proportionally to his (her, its) participation share;

i) to ask for exclusion of an associate in conformity with article 47.

Article 44. Associate's Right to Informing, Control and Examination

(1) The administrator is bound to provide information about company's activity without delay and upon request of any associate and to put account books and other documents of the company at his (her, its) disposal.

(2) Any associate shall have the right to a copy of the annual balance sheet.

(3) The associate shall also have the right to examine the annual balance sheet getting acknowledged with account books and documents of the company all by himself (herself, itself) or with the help of an expert, to ask the company's bodies for explanations upon presentation of the annual balance sheet.

Article 45. Associate's Obligations

(1) The associate is bound:

a) to pay in the contribution to the registered capital in the amount, in the way and terms set in the constitutive act;

b) no to divulge confidential information of the company;

c) to immediately inform the company about change of the domicile or location and name, as well as about other information necessary for exercise of rights and execution of obligations by the company and its associate.

(2) The associate shall also have other obligations set by the legislation and constitutive act.

Article 46. Associate's Responsibility

(1) The associate may be prosecuted in the court proceedings by the company within the limits of the contribution that was not paid in.

(2) The associate shall be responsible before the company for damages incurred on it through paying in the contribution with delay and non-execution of the obligations set by the constitutive act and the present law, as well.

Article 47. Exclusion of an Associate

(1) The general assembly of associates, administrator, one or more associates may ask for exclusion from the company of an associate that did not pay in the contribution subscribed, as well as of an associate that, acting as a company's administrator, commited frauds to detriment of the company and used company's signature or property in his (her, its) favor or in the favor of the third parties.

(2) The associate shall be excluded from the company through a court decision.

(3) The associate excluded from the company shall not have the right to a proportional share from the company's property and shall have the right only to the monetary sum corresponding to the book value of the participation share as of the date of exclusion if the court decision does not provide otherwise. The value of the participation share of the associate excluded from the company shall be returned to him (her, it) within 6 months from the date of exclusion but only after reparation of the damage incurred on the company. The associate excluded shall pay the difference if the value of the participation share does not cover the damage.

(4) The associate excluded from the company shall be responsible for losses and have the right to profit till the date of exclusion. Profit payment shall be carried out within 30 days from the date of adoption of decision on profit distribution or from the deadline of adoption of such a decision.

(5) The associate excluded from the company shall be responsible before the third parties for operations realized by the company till the date when the decision on exclusion comes into effect. If there are operations in the process of realization at the moment of exclusion from the company, the associate is bound to take the consequences of their execution and, as a departure from provisions of paragraph (3), shall not pretend to the value of the participation share that belongs to him (her, it) unless after termination of these operations.

## Section 2.
## General Assembly of Associates

Article 48. General Assembly of Associates

(1) The supreme body of the company is the general assembly of associates. The associates may be called to ordinary and extraordinary general assemblies.

(2) The constitutive act may also set the absentee voting. In this case the constitutive act shall also stipulate the procedure of the absentee voting that particularly includes the mode of informing the associates about the issues to be voted and about the procedure of modification of these issues and also comprises sending information and necessary documents, terms of termination of the voting procedure and terms of informing the associates about the results of voting.

Article 49. Competence of the General Assembly of Associates

(1) The exclusive competence of the general assembly of associates shall include:

a) modification and completion of the constitutive act, including adoption of its new version;

b) modification of the amount of the registered capital;

c) assignment of the members of the company's council and of the auditor and their pre-term dismissal;

d) prosecution in court of the members of the company's council and of the auditor for damages incurred on the company;

e) adoption of the Regulations of the company's council;

11

f) approval of the statements of the company's council, of the auditor's reports or of the notices of independent accountants;

g) approval of the annual balance sheet;

h) adoption of the decision on distribution of the profit among the associates;

i) adoption of the decision on reorganization of the company and adoption of the reorganization plan;

j) adoption of the decision on liquidation of the company, assignment of the liquidator and approval of the liquidation balance;

k) approval of the amount and mode of formation of the company's funds;

l) approval of the amount and mode of payment of remuneration to the members of the company's council and to the auditor;

m) preliminary approval of conclusion of the contracts, according to which the company transmits its property or concedes the rights to the third persons, including the associates, on the free-of-charge basis;

n) creation of branches and representation offices of the company;

o) approval of foundation of other legal persons;

p) approval of participation in the capacity of the cofounders of other legal persons.

(2) If the constitutive act does not provide otherwise, the competence of the general assembly of associates shall include:

a) assignment and pre-term dismissal of the administrator;

b) approval of the annual report and evaluation of the administrator's activity;

c) prosecution in the court of the administrator for damages incurred on the company;

d) approval of the amount and mode of payment of remuneration to the administrator;

e) adoption of the business plan of the company;

f) adoption of the internal regulations of the company;

g) adoption of other decisions that are brought to the competence of the general assembly of associates by the legislation or constitutive act.

Article 50. Ordinary General Assembly

(1) The associates shall be called by the administrator to the ordinary general assemblies at least once a year.

(2) The date and place of holding of the ordinary general assembly of associates shall be set forth by the administrator but it may take place not earlier than in 30 days and not later than in 90 days after termination of the financial year. Non-convening of the ordinary general assembly of associates within the terms set shall serve the basis for pre-term dismissal of the administrator.

(3) The ordinary general assembly of associates shall adopt, in the compulsory way, decisions on the issues indicated in clauses f), g) and h) of paragraph (1) of article 49. The decisions on these issues cannot be taken by the absentee voting.

Article 51. Extraordinary General Assembly

(1) The associates shall be called to the extraordinary general assemblies in cases determined by the constitutive act or when the interests of the company or of the associates require so.

(2) The extraordinary general assembly shall be convened by the company's council or by the administrator on their own initiative, as well as upon the written application of one ore more associates that hold at least 10% of the votes, or of the auditor.

(3) In case when convening the extraordinary general assembly is required by the associates or auditor of the company, the administrator is bound to decide on convening the assembly or on rejecting the application within 5 days from the date of application submission. The application for convening the extraordinary general assembly may be rejected if:

a) it was submitted by a person that is not entitled to require convening of the general assembly; or

b) none of the issues included in the agenda and proposed by the persons asking for convening the assembly does not fall under the competence of the general assembly of associates.

(4) The extraordinary general assembly of associates shall be held within 30 days from the date of application submission.

12

(5) If the administrator does not convene the extraordinary general assembly of associates within the terms set in paragraph (4) or rejects the application for convening without any reasons, the assembly may be convened by the persons that require this.

(6) The associates that convened the extraordinary general assembly of associates shall bear expenses for its preparation, convening and holding. The company shall cover all expenses borne by the applicants in case if convening the assembly is reasoned.

Article 52. Decision on Convening the General Assembly of Associates

The date, time, venue, agenda of the assembly, information and documents to be put at the associates' disposal shall be indicated in the decision on convening of the general assembly of associates.

Article 53. Obligation to Transmit Information and Documents Necessary for Participation in the General Assembly of Associates

(1) The administrator is bound to send decision on convening the general assembly of associates, information and necessary documents to each associate. The same obligation shall be imposed on the associates, company's council or auditor in case when they convene general assembly of associates.

(2) Information and documents necessary for discussion of the issues additionally included in the agenda at the request of the associates shall be brought to notice of all associates in terms and mode set in paragraph (4) of article 55.

(3) Notification about repeated convening of the general assembly of associates shall be transmitted to the associates by the registered letter sent at least 8 days before the date of the assembly holding.

(4) The constitutive act may also provide other conditions and terms of informing the associates.

Article 54. Notification of Associates about Convening of the General Assembly of Associates

(1) The decision on convening general assembly of associates shall be brought to notice of each associate through the registered letter sent at least 10 days before the date of assembly holding.

(2) The constitutive act of the company may provide publishing a notice on convening the general assembly of associates.

(3) Participation of an associate or his (her, its) representative in the general assembly of associates shall cover any vices of non-notification and/or violation of the mode and terms of notification.

Article 55. Agenda, Its Modification and Completion

(1) The administrator shall decide on the issues included in the agenda of the general assembly of associates taking into consideration legal requirements and requirements of the constitutive act. Each associate has the right to include the issues that were not included by the administrator in the agenda of the general assembly of associates given that these issues fall under the competence of the general assembly of associates and may be brought to notice of the administrator at least 5 days before the date of assembly holding.

(2) The agenda of the general assembly of associates convened upon request shall be determined by the persons that asked for its holding.

(3) The administrator shall not have the right to modify the formulation of the issues from the agenda proposed by the associates.

(4) Modifications and completions of the agenda shall be brought to notice of the associates through the registered letter sent at least 3 days before the date of assembly holding.

(5) The agenda may be modified or completed at the general assembly of associates if all associates are present or represented at it. The decision on completion of the agenda shall be adopted by the unanimous vote of all associates.

(6) Another way of modification or completion of the agenda, other than that one stipulated in paragraphs (3)-(5) shall not be allowed.

Article 56. Holding the General Assembly of Associates

(1) The general assembly of associates shall be held on the day, at the time and place indicated in the decision on convening sent to each associate. The company's bodies or associates that convened the assembly shall organize registration of the associates and votes represented. The non-registered associate cannot take part in voting.

(2) The meeting shall be opened and presided by the administrator or by one of the persons that convened the general assembly of associates if the constitutive act does not provide or the assembly does not decide otherwise.

(3) The general assembly of associates shall be quorate if the number of votes represented is sufficient for adoption of at least one issue included in the agenda.

(4) At the meeting of the general assembly of associates there shall be drafted minutes of the assembly that shall compulsory reflect the issues examined, speaking, results of voting on each issue from the agenda. The minutes shall be signed by all associates present at the assembly if the constitutive act does not provide that the minutes shall be signed by the president of the meeting and by the person that drafted it.

(5) The minutes shall be given to the administrator for keeping. The associates shall have the right to make copies of the minutes.

Article 57. Exercise of the Voting Right

(1) The associate shall not have the right to divide votes.

(2) The associate may express the vote personally or via a representative. The administrator cannot be the representative of an associate.

(3) The associate shall not exercise the voting right if the general assembly of associates discusses his (her, its) contribution in kind or the contribution in kind of (his) affiliated persons, legal acts concluded between him (her, it) and his (her, its) affiliated persons and the company or his (her, its) responsibility before the company. For the purposes of adoption of decision on such issues the majority shall be determined by the votes of the associates that have the right to vote on respective issues. This restriction shall not be applied to the companies with the sole associate, as well as in cases of conclusion by the company of a legal act with all its associates and/or with affiliated persons of all associates.

(4) In case of breach of the restriction stipulated in paragraph (3) the associate shall be responsible for damages incurred on the company if the majority required by the legislation was not obtained without his (her, its) vote.

Article 58. Adoption of Decisions of the General Assembly of Associates

(1) The decisions of the general assembly of associates shall be adopted:

1) by unanimous voting of the associates with regard to:

a) obligation of associates to make supplementary contributions;

b) modification of the mode of distribution of the company's benefit;

c) completion of the agenda;

d) transformation of the company into another form, in which the associates bear unlimited responsibility;

2) by at least three fourths of votes of all associates with regard to:

a) modification and completion of the constitutive act;

b) liquidation of the company, assignment of the liquidator and adoption of the liquidation balance;

c) reorganization of the company and adoption of the reorganization plan;

d) preliminary approval of conclusion of the contracts, according to which the company transmits its property or concedes the rights to the third persons, including the associates, on the free-of-charge basis;

e) creation of branches and representation offices of the company;

f) approval of foundation of other legal persons;

g) approval of participation in the capacity of the cofounder of other legal persons;

h) exclusion of some issues from the agenda;

3) by at least a half of votes with regard to:

a) approval of the statements and reports of the administrator and auditor;

b) distribution of the profit among the associates;

c) assignment and pre-term dismissal of the administrator and auditor;

d) approval of the amount and mode of payment of remuneration to the administrator and auditor;

14

e) adoption of the internal regulations of the company;

f) adoption of other decisions that are brought to the competence of the general assembly of associates.

(2) The decisions shall be adopted by open voting if the constitutive act does not provide otherwise.

Article 59. Repeated General Assembly of Associates

(1) If the general assembly of associates was not quorate or it did not decide on all the issues included in the agenda, the assembly shall be convened again within 15 days at longest. The agenda of the repeated general assembly of associates shall include the issues, in relation to which the decisions were not adopted.

(2) The repeated general assembly of associates shall adopt decisions by the majority of votes indicated in paragraph (1) of article 58, except for decisions on approval of the statements and reports of the administrator and auditor and for decisions on procedural issues that shall be adopted by the majority of votes represented at the assembly.

(3) In case when the associates cannot adopt a decision within 3 consecutive months and, as a result, the company suffers damages, each associate shall have the right to ask for:

a) redemption of the participation share held by him (her, it) at the market price; or

b) his (her, its) separation from the company with the amount of assets proportional to the participation share held by him (her, it); or

c) dissolution and liquidation of the company with division of the property.

Article 60. Legal Effect of Decisions of the General Assembly of Associates

(1) The decisions of the general assembly of associates shall be binding on all associates and company's bodies.

(2) The decisions on modification of the constitutive act of the company may be contested from the date of their registration in the State Register of Enterprises Organizations.

(3) The decisions of the general assembly of associates may be modified and abridged by a new general assembly of associates.

Article 61. Appealing the Decisions of the General Assembly of Associates in the Court Instance

(1) The decisions of the general assembly of associates adopted in breach of the legislation or constitutive may be declared void by the court instance.

(2) The application for annulment may be submitted by any of associates that did not take part in the general assembly or voted against the disputed decision and asked for introduction of the respective mention in the minutes of the assembly.

(3) The application for annulment may be submitted within 3 months from the date adoption of the decision or from the date when the associate found out or had to find out about the decision adopted.

Article 62. Decision of the Sole Associate

(1) The sole associate shall have the rights and obligations that, according to the present law, fall under the competence of the general assembly of associates.

(2) Decisions of the sole associate shall be drafted in the written form if any.

(3) The constitutive act may additionally stipulate the mode of adoption of decisions in case when the sole associate is a legal person.

**Section 3.**
**Council of the Company**

Article 63. Creation of the Company's Council

(1) The constitutive act may stipulate creation of the company's council.

(2) Mode of creation, functioning and termination of the powers of the company's council shall be set forth by the constitutive act.

Article 64. Competence of the Company's Council

(1) The competence of the company's council shall be set forth by the constitutive act in conformity with the present law.

(2) The constitutive act may set forth the following functions for the company's council:

a) assignment and pre-term dismissal of the administrator;

15

b) approval of the statements and reports presented by the administrator and evaluation of his (her) activity;

c) prosecution in court of the administrator with regard to damages incurred on the company;

d) approval of the amount and mode of payment of remuneration to the administrator;

e) presentation of the reports and statements at the general assembly of associates;

f) approval of the business plans of the company;

g) adoption of the internal regulations, except for those ones that fall under the competence of the general assembly of associates;

h) convening the general assembly of associates.

(3) Company's council may also have other functions, except for those that fall under the exclusive competence of the general assembly of associates.

(4) In case if the company's council was not formed or its mandate was revoked or expired and a new composition of the council was not formed, its functions are exercised by the general assembly of associates.

Article 65. Assignment of the Members of the Company's Council

(1) The members and president of the company's council shall be assigned by the general assembly of associates for a one-year period if the constitutive act does not provide otherwise, and they may be dismissed at any time. The decision on assignment and pre-term dismissal of the members of the company's council shall be adopted by the majority of the associates' votes. The administrator may be named a member of the council but not its president.

(2) The company's council shall be constituted of at least 3 persons.

(3) A person, who is prohibited by the legislation or court decision to hold the post of the administrator cannot be a member of the company's council.

Article 66. Convening of the Company's Council

(1) The company's council shall be convened by the president of the council as and when it is necessary but at least once a quarter.

(2) Any member of the company's council or the administrator may ask the president to convene the council indicating the grounds. In this case the meeting shall be held within 10 days from the date of request.

(3) If the request for convening of the company's council meeting cannot be satisfied, the applicants may convene the council indicating the grounds.

Article 67. Decisions of the Company's Council

(1) Decisions of the company's council shall be adopted at the meeting by the majority of the votes of the council members presented at the meeting if the constitutive act does not provide a greater number of votes. In case of equality of the votes the vote of the president shall be deciding. The minutes of the council meetings are kept at the company's location.

(2) The voting right of a member of the company's council cannot be transferred.

(3) The quorum necessary for holding of the company's council meeting shall be set forth in the constitutive act or in the Regulations of the company's council and shall constitute at least a half of the number of the council members.

Article 68. Diligence, Loyalty and Responsibility of the Council Members

The rules regarding diligence, loyalty and responsibility of the administrator shall be applicable in the appropriate manner to the members of the company's council.

### Section 4.
### Administrator of the Company

Article 69. General Provisions

(1) The company shall have one or more administrators that govern the company and represent it.

(2) Only a natural person of majority age with full legal capacity may be an administrator. Persons, who are prohibited by the legislation or court decision to hold the post of the administrator or any other post that grants the right to dispose of material assets, as well as persons having outstanding conviction for property crimes, for economic crimes, for crimes committed by executive officers or by persons, who manage commercial organization, cannot be administrators.

(3) The labor legislation shall be applicable to the relationships between the administrator and company to the extent, to which it does not contradict the present law.

Article 70. Assignment of an Administrator

(1) The administrator of the company shall be assigned by the general assembly of associates or company's council if the constitutive act provides this. The administrator may be dismissed at any time with or without indication of a reason.

(2) An associate or a third party may be assigned to the post of the administrator.

(3) Data regarding assignment and dismissal of the administrator and his (her) identity, as well, shall be presented for registration in the State Register of Enterprises and Organizations. There shall also be annexed a decision on assignment or dismissal of the administrator.

(4) The administrator of the company shall submit a specimen of his (her) signature that shall be used in the company's acts to the State Registration Chamber.

Article 71. Administrator's Rights

(1) The administrator shall have the right:

a) to realize acts of management of the company necessary for obtainment of the objectives stipulated in the constitutive act and decisions of the general assembly of associates;

b) to represent the company without a power of attorney in relations with the state bodies, with the third persons and in the court instances;

c) to issue a mandate for realization of a certain legal act to other persons if the constitutive act does not prohibit it;

d) to exercise other powers assigned by the general assembly of associates or company's council according to their competence.

(2) In case of assignment of more than one administrator they are vested with equal powers if the constitutive act does not provide otherwise.

Article 72. Administrator's Obligations

(1) The administrator is bound to administer the company is such a way that the objectives, which it was constituted for, are realized in the most efficient way.

(2) The administrator is bound to execute decision of the general assembly of associates and company's council.

(3) The administrator is bound to take part in the general assemblies of associates and meetings of the company's council.

(4) The administrator shall assure keeping of the company's accountancy, as well as of the company's registers stipulated by the legislation and constitutive act, and shall inform the associates about the state of business and company administering.

(5) When exercising his (her) functions, the administrator shall show diligence and loyalty.

(6) The administrator is bound to convene the general assembly of associates if the value of the company's net assets fell under the level of its registered capital.

(7) In case of appearance of signs of insolvency the administrator is bound to submit a statement of claim on initiation of insolvency process without delays but not later than upon expiry of a month if the associates do not repair losses.

Article 73. Limitation of the Administrator's Rights

(1) The administrator is responsible before the company for observance of the limits of his (her) powers established by the constitutive act or, if it does not provide otherwise, by the general assembly of associates.

(2) If the administrator violated the restrictions set in paragraph (1), the company or any associate may ask for reparation of damages incurred on the company on its behalf.

(3) The indemnity claim may be laid within 3 years from the date of commitment of the action that incurred damages on the company.

Article 74. Validity of the Company's Liabilities

(1) The company shall be involved in the relations with the third parties through actions realized by the administrator even if these actions exceed the subject of activity of the company, except for the case when the company proves that the third parties knew about this exceeding.

(2) Neither the company, nor the third parties have the right to cast doubts on legality of assignment of the administrator or another person that is entitled to represent the company if such an assignment was registered at the State Registration Chamber, for the purpose of evasion of the obligations accepted.

(3) The provisions of the constitutive act and decisions of the general assembly of associates that limit the representative powers granted to the administrator by the legislation cannot be contested by the third parties.

Article 75. Report of the Administrator

The administrator shall annually draft a report on company's activity, an act on inventory of the company's goods, as well as other documents that shall be presented to the general assembly of associates. The administrator may be bound to present periodical statements.

Article 76. Administrator's Responsibility

(1) The administrator of the company shall bear full pecuniary responsibility for damages incurred on the company by him (her), including damages incurred through illegal payouts to the associates.

(2) In case of assignment of several administrators they shall bear joint responsibility if the court decision did not provide otherwise.

(3) The executive officer of the company shall be released from joint pecuniary responsibility for the decision of the collegial executive body of the company or company's council if:

a) the officer voted against adoption of this decision by the respective governing body; and

b) the officer's separate opinion is annexed to the minutes of the meeting of the respective body or is mentioned in the minutes of the meeting.

(4) The right to lay the indemnity claim in order to repair the damage incurred by the administrator shall belong to the company and associates. Time allowed for indemnity claims shall make 3 years from the date of fraud commitment.

(5) The decision of the company on release of the administrator from responsibility shall be void if the interests of the third parties are infringed even if the administrator acted on the basis of the decision of the general assembly of associates.

**Section 5.**
**Auditor**

Article 77. Assignment of an Auditor

(1) In order to exercise control over governance of the company and administrator's actions, the general assembly of associates may assign one or more auditors from amongst the associates or third parties. If the number of associates exceeds 15, the assignment of an auditor is compulsory. The number of auditors shall be set forth by the constitutive act of the company.

(2) The auditor is assigned for a 3-year period and may be released from the post held at any time.

(3) The following persons cannot be auditors:

a) administrator and member of the company's council;

b) relatives, relatives-in-law up to the 4th degree inclusively or spouse of the administrator;

c) persons that receive a salary or other remuneration for a post other than the post of the auditor from the company or administrator;

d) persons indicated in paragraph (2) of article 69.

(4) If the auditor was assigned in the breach of provisions of paragraph (3), the decision on assignment shall be void and the auditor shall not have the right to exercise auditor's functions and is bound to hand in resignation.

(5) The auditor shall receive a fixed remuneration determined by the general assembly of associates.

(6) In case if the auditor was not assigned, each or one of the associates that are not administrator of the company shall be vested with right of control.

(7) The company shall have the right to assign independent accountants instead of the auditor.

Article 78. Control over Governance of the Company

(1) The auditor exercise control over governance of the company from time to time, on own initiative or upon request of the associates. The auditor is bound to control the economic-financial activity of the company after termination of the financial year, to check financial reports, to take inventory of the company's goods and at the same time to realize other actions necessary for objective evaluation of the governance of the company.

(2) The auditor shall draft a report on each act of control realized. If there is more than one auditor and there appear divergences among them, they shall draft separate reports. The reports of the auditors shall be presented to the general assembly of associates.

(3) The auditor is bound to convene the general assembly of associates if he (she) elicited the facts that contradict the legislation or constitutive act and that incurred or may incur damage on the company.

(4) The administrator is bound to put at the auditor's disposal all documents necessary for realization of control.

Article 79. Auditor's Responsibility

(1) The auditor shall be responsible for damages incurred on the company or associates by non-execution or inadequate execution of the obligations assumed. The auditor shall bear responsibility within 3 years from the date of drafting of the act of control that incurred damages on the company.

(2) The constitutive act may contain other grounds for incidence of auditor's responsibility.

## Chapter V
## REORGANIZATION AND LIQUIDATION OF THE COMPANY

Article 80. Reorganization of the Company

Reorganization of the company shall be carried out through fusion (take-over and merger), dissolution (demerger and separation) or transformation in accordance with provisions of the Civil Code.

Article 81. Dissolution and Liquidation of the Company

(1) The company shall be dissolved and liquidated on the grounds set by the present law, Civil Code and other laws.

(2) Dissolution and liquidation of the company may be asked for in case when buying out or separation of the participation share in the registered capital is impossible.

## Chapter VI
## FINAL AND TRANSITIONAL PROVISIONS

Article 82

Provisions of the constitutive acts of the companies, registered before the date of coming into effect of the present law, shall be applicable inasmuch as the do no contravene it.

Article 83

(1) The present law shall come into effect in 3 months from the date of its publication.

(2) The Government shall bring its normative acts into compliance with the present law as of the day of its coming into effect.

PRESIDENT OF THE PARLIAMENT                                    Marian LUPU

No.35-XVI. Chisinau, the 14th of June, 2007.

Traducerea acestui text din limba română în limba engleză a fost efectuată în Biroul de traduceri II "Pîrău Irina" la 02.02.2012
Translation of this text from the Romanian language into English language was done by the translation office "Pirau Irina" on 02.02.2012

Semnătura
Signature_____

19