# EXHIBIT GG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| RITLABS, S.R.L., | Case No.:  1:12CV215 |
| Plaintiff/Counter-Defendant, | |
| v. | Hon. Anthony J. Trenga |
| RITLABS, INC. and SERGHEI DEMCENKO, | |
| Defendants/Counter-Claimants. | |

**DEFENDANT DEMCENKO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DEMCENKO**

Defendant Demcenko, by and through his attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff Ritlabs, S.R.L.'s first set of interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Defendant Demcenko's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and these objections to Plaintiff's interrogatories, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege.  Further, Defendant makes the responses and objections herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Except for facts explicitly admitted, no admissions of any kind whatsoever are implied or should be inferred from these responses.  The fact that an interrogatory has been answered should not be taken as an admission or an acceptance of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

4.      Defendant Demcenko expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

Specific objections to each interrogatory are, where applicable, stated in the responses to the requests set forth below.  In addition to said specific objections, Defendant Demcenko interposes the following general objections to each and every interrogatory propounded by Plaintiff and set forth below.

1.      Each response is subject to all appropriate objections, including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any statement contained therein if the request were asked of a witness present and testifying in court, or of any statement contained therein, if the answer were given by the witness.  All such objections and grounds are reserved and may be interposed at the time of trial or arbitration.

2.      Defendant Demcenko objects to the entire set of interrogatories, and each interrogatory, to the extent that the interrogatory calls for response the contents of which is protected by the attorney-client privilege, the attorney work product privilege, and/or any other applicable privilege or protection.

3.      Defendant Demcenko objects to the entire set of interrogatories, and each interrogatory, to the extent that the interrogatory calls for information which includes confidential information or trade secrets.

4.      Defendant Demcenko objects to Plaintiff's interrogatories, and to each and every individual interrogatory contained therein, to the extent that they purport to seek information the disclosure of which would violate the constitutional, statutory and/or common law privacy rights of third parties.

5.      Defined terms used by Plaintiff shall have the same meaning herein.

## REQUESTS FOR PRODUCTION

### INTEROGATORY NO. 1:

State the name(s), job title(s), and address(es) of the person(s) answering these First Set of Interrogatories. Further, state the name(s) and job title(s) of all person(s) who assisted in preparing these responses.

**Response to Interrogatory No. 1:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

### INTEROGATORY NO. 2:

State whether you, in your capacity as a natural person, ever owned shares or a membership interest in R.I.T., S.R.L.

**Response to Interrogatory No. 2:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 3:**

Identify and specifically state the reason why you created RitLabs, Inc.

**Response to Interrogatory No. 3:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 4:**

Identify and specifically state the reason why you did not attempt to obtain a three-fourths (3/4) vote of the members of RitLabs, S.R.L. prior to forming RitLabs, Inc.

**Response to Interrogatory No. 4:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant
to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will
respond with all non-privileged responsive information.

**INTEROGATORY NO. 5:**

Identify and specifically state the reason why you did not attempt to obtain a three-
fourths (3/4) vote of the members of RitLabs, S.R.L. prior to entering into a license agreement
RitLabs, Inc.

**Response to Interrogatory No. 5:** Defendant Demcenko incorporates into this response
its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this
interrogatory on the basis that it is not reasonably calculated to lead to the discovery of
admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,
ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant
to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will
respond with all non-privileged responsive information.

**INTEROGATORY NO. 6:**

Identify and specifically state the reason why you did not attempt to obtain a majority
vote of the disinterested members of RitLabs, S.R.L. prior to entering into a license agreement
with RitLabs, Inc.

**Response to Interrogatory No. 6:** Defendant Demcenko incorporates into this response
its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this
interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.


**INTEROGATORY NO. 7:**

Identify and specifically state your contribution of code, graphic design elements, or selection and arrangement of any or all products developed or sold by RitLabs, Inc., if any.

**Response to Interrogatory No. 7:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.


**INTEROGATORY NO. 8:**

Identify and specifically state your contribution of code, graphic design elements, or selection and arrangement of any or all products developed by RitLabs, S.R.L., if any.

**Response to Interrogatory No. 8:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 9:**

Identify all products developed or sold by IBIS, S.R.L.

**Response to Interrogatory No. 9:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 10:**

Identify all email accounts owned by or registered to You.

**Response to Interrogatory No. 10:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 11:**

Identify all email accounts owned by or registered to Your immediate family members.

**Response to Interrogatory No. 11:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 12:**

Identify all domain names owned by, registered to, licensed to, or administered by You.

**Response to Interrogatory No. 12:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 13:**

Identify all trademark applications filed by You and provide documents evidencing the first use in commerce of the trademarks reflected in those applications.

**Response to Interrogatory No. 13:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.


**INTEROGATORY NO. 14:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted.

**Response to Interrogatory No. 14:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

## INTEROGATORY NO. 15:

Identify and specifically state the basis for Your affirmative defense that Plaintiff is barred from recovering because Your actions were privileged, justified, and/or excused.

**Response to Interrogatory No. 15:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

## INTEROGATORY NO. 16:

Identify and specifically state the basis for Your affirmative defense that Plaintiff is estopped from obtaining the relief sought in the Complaint.

**Response to Interrogatory No. 16:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the

interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's

contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-

privileged responsive information.


**INTEROGATORY NO. 17:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff's

Complaint is barred by the doctrine of unclean hands..

**Response to Interrogatory No. 17:** Defendant Demcenko incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the

interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's

contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-

privileged responsive information.


**INTEROGATORY NO. 18:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff's award

or remedy must be reduced due to damages caused to Defendants.

**Response to Interrogatory No. 18:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 19:**

Identify and specifically state the basis and underlying facts supporting Your breach of contract counterclaim.

**Response to Interrogatory No. 19:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 20:**

Identify and specifically state the basis and underlying facts supporting Your tortious interference with contract counterclaim.

**Response to Interrogatory No. 20:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 21:**

Identify and specifically state the basis and underlying facts supporting Your intentional interference with prospective economic advantage counterclaim.

**Response to Interrogatory No. 21:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.


## INTEROGATORY NO. 22:

Identify and specifically state the basis and underlying facts supporting Your negligent interference with prospective economic advantage counterclaim.

**Response to Interrogatory No. 22:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein. Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this interrogatory is vague, ambiguous, and unduly burdensome. Furthermore, Defendant Demcenko objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's contentions. Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.


## INTEROGATORY NO. 23:

Identify and specifically state the basis and underlying facts supporting Your commercial disparagement counterclaim.

**Response to Interrogatory No. 23:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein. Defendant Demcenko objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Demcenko objects because the

interrogatory seeks the discovery of legal reasoning or theories behind Defendant Demcenko's

contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-

privileged responsive information.


**INTEROGATORY NO. 24:**

     Identify all payments, and specifically state the amounts paid, that You have made to

RitLabs, S.R.L. since July 14, 2008.

     **Response to Interrogatory No. 24:** Defendant Demcenko incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 25:**

     Identify all income that you have received from RitLabs, Inc. since July 14, 2008.

     **Response to Interrogatory No. 25:** Defendant Demcenko incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Demcenko also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Demcenko will respond with all non-privileged responsive information.

**INTEROGATORY NO. 26:**

Identify all income that you have received from RitLabs, S.R.L. since January 1, 2008.

**Response to Interrogatory No. 26:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory because it violates Rule 33(a)(1)'s of the Federal Rules of Civil Procedure prohibition on more than 25 written interrogatories.  Accordingly, Defendant Demcenko does not respond to this interrogatory.

**INTEROGATORY NO. 27:**

Identify any and all bank accounts or investment accounts, and specifically Identify the bank or investment account provider, owned by You from January 1, 2008 to the present.

**Response to Interrogatory No. 27:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory because it violates Rule 33(a)(1)'s of the Federal Rules of Civil Procedure prohibition on more than 25 written interrogatories.  Accordingly, Defendant Demcenko does not respond to this interrogatory.

**INTEROGATORY NO. 28:**

Identify any and all payment provider accounts, including online merchant accounts, owned or registered by you from January 1, 2008 to the present.

**Response to Interrogatory No. 28:** Defendant Demcenko incorporates into this response its General Objections above as if fully set forth herein.  Defendant Demcenko objects to this interrogatory because it violates Rule 33(a)(1)'s of the Federal Rules of Civil Procedure prohibition on more than 25 written interrogatories.  Accordingly, Defendant Demcenko does not respond to this interrogatory.

Dated: May 18, 2012

/s/
_____
Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Serghei Demcenko
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2012, I served the foregoing **DEFENDANT DEMCENKO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DEMCENKO** by U.S. Mail, postage prepaid, on:

John Di Giacomo
Traverse Legal, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
(231) 932-0636
john@traverselegal.com


_____/s/_____
Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Ritlabs, Inc.
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA 22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| RITLABS, S.R.L., | Case No.:  1:12CV215 |
| Plaintiff/Counter-Defendant, | |
| v. | Hon. Anthony J. Trenga |
| RITLABS, INC., and SERGHEI DEMCENKO, | |
| Defendants/Counter-Claimants. | |

## DEFENDANT RITLABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RITLABS, INC.

Defendant Ritlabs, Inc., by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Plaintiff Ritlabs, S.R.L.'s first set of interrogatories as follows:

### PRELIMINARY STATEMENT

1.      Defendant Ritlabs, Inc.'s investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and these objections to Plaintiff's interrogatories, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege. Further, Defendant makes the responses and objections herein without in any way implying that it considers the interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Except for facts explicitly admitted, no admissions of any kind whatsoever are implied or should be inferred from these responses.  The fact that an interrogatory has been answered should not be taken as an admission or an acceptance of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes admissible evidence.

4.      Defendant Ritlabs, Inc. expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

Specific objections to each interrogatory are, where applicable, stated in the responses to the requests set forth below.  In addition to said specific objections, Defendant Ritlabs, Inc. interposes the following general objections to each and every interrogatory propounded by Plaintiff and set forth below.

1.      Each response is subject to all appropriate objections, including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any statement contained therein if the request were asked of a witness present and testifying in court, or of any statement contained therein, if the answer were given by the witness.  All such objections and grounds are reserved and may be interposed at the time of trial or arbitration.

2.      Defendant Ritlabs, Inc. objects to the entire set of interrogatories, and each interrogatory, to the extent that the interrogatory calls for information which is protected by the attorney-client privilege, the attorney work product privilege, and/or any other applicable privilege or protection.

3.      Defendant objects to the entire set of interrogatories, and each interrogatory, to the extent that the interrogatory calls for information which includes confidential information or trade secrets.

4.      Defendant Ritlabs, Inc. objects to Plaintiff's interrogatories, and to each and every individual interrogatory contained therein, to the extent that they purport to seek information the disclosure of which would violate the constitutional, statutory and/or common law privacy rights of third parties.

5.      Defined terms used by Plaintiff shall have the same meaning herein.

## REQUESTS FOR PRODUCTION

### INTEROGATORY NO. 1:

State the name(s), job title(s), and address(es) of the person(s) answering these First Set of Interrogatories. Further, state the name(s) and job title(s) of all person(s) who assisted in preparing these responses.

**Response to Interrogatory No. 1:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

### INTEROGATORY NO. 2:

State the name(s), job title(s), and addresses of all employees or independent contractors of Defendant RitLabs, Inc.

**Response to Interrogatory No. 2:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.


**INTEROGATORY NO. 3:**

State the name(s), job title(s), and addresses of all officers or directors of Defendant RitLabs, Inc.

**Response to Interrogatory No. 3:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.


**INTEROGATORY NO. 4:**

Identify all products developed or sold by RitLabs, Inc.

**Response to Interrogatory No. 4:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 5:**

State the name(s) and addresses of all investors in RitLabs, Inc. and identify the amounts

of all funds invested into RitLabs by those investors.

**Response to Interrogatory No. 5:** Defendant Ritlabs, Inc. incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 6:**

Identify all individuals or entities to whom RitLabs, Inc. sold or licensed software or

services, and specifically identify the products or services that were licensed or sold to each

respective individual or entity.

**Response to Interrogatory No. 6:** Defendant Ritlabs, Inc. incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 7:**

Identify all email accounts owned by or registered to RitLabs, Inc.

**Response to Interrogatory No. 7:** Defendant Ritlabs, Inc. incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 8:**

Identify all domain names owned by, registered to, licensed to, or administered by

RitLabs, Inc.

**Response to Interrogatory No. 8:** Defendant Ritlabs, Inc. incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant

to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will

respond with all non-privileged responsive information.


**INTEROGATORY NO. 9:**

Identify all trademark applications filed by RitLabs, Inc. and provide documents

evidencing RitLabs, Inc.'s first use in commerce of the trademarks reflected in those

applications.

**Response to Interrogatory No. 9:** Defendant Ritlabs, Inc. incorporates into this response

its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this

interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the

interrogatory improperly requests Defendant Ritlabs, Inc. to produce documents. Subject to and

without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure

requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive

information.


**INTEROGATORY NO. 10:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff has

failed to state a claim upon which relief can be granted.

**Response to Interrogatory No. 10:** Defendant Ritlabs, Inc. incorporates into this

response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects

to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the

interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s

contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-

privileged responsive information.


**INTEROGATORY NO. 11:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff is

barred from recovering because Your actions were privileged, justified, and/or excused.

**Response to Interrogatory No. 11:** Defendant Ritlabs, Inc. incorporates into this

response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects

to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the

interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s

contentions. Subject to and without waiving this objection and pursuant to the applicable Federal

Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-

privileged responsive information.


**INTEROGATORY NO. 12:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff is

estopped from obtaining the relief sought in the Complaint.

**Response to Interrogatory No. 12:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**INTEROGATORY NO. 13:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff's Complaint is barred by the doctrine of unclean hands.

**Response to Interrogatory No. 13:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**INTEROGATORY NO. 14:**

Identify and specifically state the basis for Your affirmative defense that Plaintiff's award or remedy must be reduced due to damages caused to Defendants.

**Response to Interrogatory No. 14:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**INTEROGATORY NO. 15:**

Identify and specifically state the basis and underlying facts supporting Your breach of contract counterclaim.

**Response to Interrogatory No. 15:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable

Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 16:

Identify and specifically state the basis and underlying facts supporting Your tortious interference with contract counterclaim.

**Response to Interrogatory No. 16:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome. Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions. Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 17:

Identify and specifically state the basis and underlying facts supporting Your intentional interference with prospective economic advantage counterclaim.

**Response to Interrogatory No. 17:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this interrogatory is vague,

ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 18:

Identify and specifically state the basis and underlying facts supporting Your negligent interference with prospective economic advantage counterclaim.

**Response to Interrogatory No. 18:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 19:

Identify and specifically state the basis and underlying facts supporting Your commercial disparagement counterclaim.

**Response to Interrogatory No. 19:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. objects because the interrogatory seeks the discovery of legal reasoning or theories behind Defendant Ritlabs, Inc.'s contentions.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**INTEROGATORY NO. 20:**

Identify all payments, and specifically state the amounts either received from or paid to CIFNet from July 14, 2008 to the present.

**Response to Interrogatory No. 20:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

**INTEROGATORY NO. 21:**

Identify all payments, and specifically state the amounts paid, made to RitLabs, S.R.L. since July 14, 2008.

**Response to Interrogatory No. 21:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Furthermore, Defendant Ritlabs, Inc. object because the information sought is equally available to propounding party.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 22:

Identify all contracts, including the name of the entity contracted with, entered into by RitLabs, Inc. from July 14, 2008 to the present.

**Response to Interrogatory No. 22:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.

## INTEROGATORY NO. 23:

Identify all profits and losses, and specifically state the amounts of the profits or losses, of RitLabs, Inc. from July 14, 2008 to the present.

**Response to Interrogatory No. 23:**Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome.  Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.


## INTEROGATORY NO. 24:

Identify any and all bank accounts or investment accounts, and specifically Identify the bank or investment account provider, owned by RitLabs, Inc. from July 14, 2008 to the present.

**Response to Interrogatory No. 24:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein.  Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc. will respond with all non-privileged responsive information.


## INTEROGATORY NO. 25:

Identify any and all payment providers, including online merchant accounts, owned or registered by RitLabs, Inc. from July 14, 2008 to the present.

**Response to Interrogatory No. 25:** Defendant Ritlabs, Inc. incorporates into this response its General Objections above as if fully set forth herein. Defendant Ritlabs, Inc. objects to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Ritlabs, Inc. also objects because this interrogatory is vague, ambiguous, and unduly burdensome. Subject to and without waiving this objection and pursuant to the applicable Federal Rules of Civil Procedure requirements, Defendant Ritlabs, Inc.will respond with all non-privileged responsive information.

Dated: May 18, 2012

/s/
_____

Kevin R. Garden
Virginia Bar No. 30244
Attorney for Defendant
Ritlabs, Inc.
International Legal Counsels, PC
901 N. Pitt St., Suite 325
Alexandria, VA22314
Telephone: (703) 535-5565
Fax: (202) 318-0723
kg@legal-counsels.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2012, I served the foregoing **DEFENDANT RITLABS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RITLABS, INC.** by U.S. Mail, postage prepaid, on:

John Di Giacomo
Traverse Legal, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49684
(231) 932-0411
(231) 932-0636
john@traverselegal.com


                                          _____/s/_____
                                          Kevin R. Garden
                                          Virginia Bar No. 30244
                                          Attorney for Defendant
                                          Ritlabs, Inc.
                                          International Legal Counsels, PC
                                          901 N. Pitt St., Suite 325
                                          Alexandria, VA 22314
                                          Telephone: (703) 535-5565
                                          Fax: (202) 318-0723
                                          kg@legal-counsels.com