# EXHIBIT CCC

# *International Legal Counsels PC*
## A PROFESSIONAL CORPORATION

901 North Pitt Street ● Suite 325 ● Alexandria, VA 22314
phone: 703.739.9111 ● fax: 202.318.0723 ● www.legal-counsels.com
e-mail: info@legal-counsels.com

January 04, 2012

**(transmitted by e-mail: john@traverselegal.com)**

John DiGiacomo
Traverse Legal, PLC
810 Cottageview Drive
Suite G-20
Traverse City, MI 49684

Mr. DiGiacomo:

    Our firm is counsel to Serghei Demcenko and its affiliates, including Ritlabs Inc., a Commonwealth of Virginia corporation (**"*Ritlabs Inc.*"**).  We write in response to your letter dated January 3, 2011, where you set out a host of unsupported and ill-advised allegations against our client that lack both factual and legal foundation.  Your attempts at rather academic discussions are unimpressive and unpersuasive and their futility is only exceeded by the degree of the distortion of facts.  Your letter is riddled with half-truths, outright misstatements and injudicious legal conclusions that are based on incorrect, incomplete or made-up information that will simply crumble after the initial discovery stage of any legal action.

    Our client, however, as the founder and the substantial shareholder in RitLabs S.R.L. ("***SRL***") does not wish to see the SRL be dragged in an unnecessary and futile legal battle and suffer substantial economic damages at the hands of its "new" CEO (i.e. Maxim Masiutin).  Mr. Demcenko and we sincerely hope that your blunder was primarily caused by Mr. Masiutin's lies and deceitful actions though, of course, we also recognize that any lawyer is under a professional duty to conduct his own due diligence and investigation of facts before sputtering a laundry list of reckless accusations.  Hence, to clarify the situation and to avoid further unnecessary expense and your misguided actions, we provide the response to your letter setting forth the facts as they are and not as what Maxim Masiutin misrepresents or wants them to be.

    You claim that Mr. Demcenko can be liable under ACPA and UDRP because he "without the authorization of our client[RitLabs S. R. L.], gained access to our client's domain name control panel and changed the Registered Name Holder Information associated with the domain name[ritlabs.com]." Your reference to the alleged facts and the hasty conclusions are both false and unfounded simply because Mr. Demcenko is the original registrant of the *ritlabs.com* domain (**"*Domain*"**), which he properly registered in his name as early as December 13, 1996, long before SRL even came to the existence in 1998.  Contrary to your perception, no transfer of the Domain ever occurred. Simply put, Mr. Demcenko has been and continues to be the sole owner of the Domain and related intellectual property rights since December 13, 1996.  The use

*International Legal Counsels PC*
JANUARY 4, 2012
PAGE 2 OF 5

of the Domain by SRL was licensed by Mr. Demcenko to SRL (of which Mr. Demcenko is the founder and largest shareholder). Hence, your argument that Mr. Demcenko improperly transferred the Domain to himself has neither merit nor is it based on any underlying facts. No wonder that nowhere within seven pages of your "legal brief" you provide even a shred of evidence of this transfer on which you base your meritless accusations.

Similarly, you either have been misinformed or simply failed to gather necessary information prior to making your accusation in regards to RitLabs, Inc. (*"INC"*) formation. INC was established for the purpose of market expansion and promotion of the software products in the U.S. developed by SRL. Contrary to Mr. Masiutin's self-serving contentions that INC was formed by Mr. Demcenko without proper authorization, Mr. Demcenko was delegated with the powers and authority to establish INC and exercise full control INC by the resolution of the shareholders of SRL, dated January 03, 2001 and attached hereto as Exhibit A. Further, as you should have been aware, SRL is a part owner of the INC (See Consent of the Board of Directors, dated May 1, 2011; executed Subscription Agreement, dated May 1, 2011).

INC's integral role in the SRL's business model is underscored by the Distribution and License Agreement (*"License Agreement"*) by and between SRL and INC dated as of December 1, 2009 for distribution of products developed by SRL in the U.S. and other territories. Based on the License Agreement and through significant investment of funds and management resources, INC entered into numerous sublicensing, resale, and distribution agreements with numerous counterparties throughout the world (collectively, *"Distribution Agreements"*). Furthermore, INC has been properly making all of the payments to SRL as due per the License Agreement while, upon information and belief, Mr. Masiutin caused and continues to cause SRL to be in violation of the License Agreement substantially undermining Mr. Demcenko and INC's efforts.

It is unfortunate that Mr. Masiutin, in order to illegally misappropriate and gain control over SRL and to advance his misguided ambitions, personally, by using fraudulent statements, misrepresentations, false claims and accusations caused and continues to cause SRL to breach License Agreement, and specifically Sections 2.1(a) and Section 2.1(b), Section 2.1(d) and Section 2.5 by sabotaging the provision of the SRL's software products and provoking, inducing and otherwise causing third party distributors and sublicensees to illegally and wrongfully terminate Distribution Agreements with INC. Mr. Masiutin was recently notified of such egregious breach and this is to reiterate the demands stated in our prior letter and the repeated request that any such breaches to be cured by January 08, 2012.

As you are well aware, such outrageous willful actions by Mr. Masiutin constitute tortious interference with contractual relationship, fraud and interference with prospective contractual relationship, interference with prospective economic advantage and defamation.

Furthermore, be advised that as of the date of this letter several lawsuits were filed in the Republic of Moldova (See Case No. 41-3-8526-23122011) naming Maxim Masiutin and Stephan Tankurov (another officer of SRL) as defendants in connection with violation of corporate law which governs SRL corporate structure and transactions. By using various unscrupulous means worthy of a pirate, which included a police raid to the office and firing employees that are not loyal to the "new management", Mr. Masiutin illicitly ceased power at SRL. In addition, Mr. Masiutin, in contravention of the labor regulations and corporate procedures, breached the labor

*International Legal Counsels PC*
JANUARY 4, 2012
PAGE 3 OF 5

contract with Mr. Demcenko, illegally and without following corporate procedures usurped the CEO position at SRL and currently acts without proper authority. The absurdity of the situation culminated in Mr. Masiutin having Mr. Demcenko's lawyer in Moldova (much like you or me representing our respective clients) detained by the police simply because he questioned the validity of such lawyer's power of attorney. We just wanted to make sure that you know what kind of a deceitful and shady person you are representing.

Consequently, as Serghei Demcenko will inevitably return to his properly held position as CEO of SRL (which shall be done very shortly per an ongoing court action in Moldova), any and all decisions and expenditures directed by Mr. Masiutin, including hiring you for this charade, will be null and void. Just as a note to you and your firm – please note that Mr. Masiutin's self-serving decision to hire you to defend illicit actions of Mr. Masiutin are not proper actions on behalf of SRL, and, therefore, once the proper authorities at SRL are restored, no payments to your firm will be made. Furthermore, any and all payments made to your firm by SRL will be subject to a full refund.

Your determination that INC's seeking U.S. trademark registration for the marl "RITLABS" (Serial No. 85503367) with U.S. Patent and Trademark Office (the "***Trademark***") somehow create liability in Mr. Demcenko for "cybersquatting, trademark infringement, a violation of Computer Fraud and Abuse Act, and intentional interference of with contractual relationships" is contrived and has no merit whatsoever. Your letter, again, misstates the facts and law and purports to paint a picture that has nothing to do with the truth. In order to promote its business and in light of the objectives set out before it, INC filed for the U.S. registration of the Trademark. By virtue of his position as CEO of INC, Mr. Demcenko had full authority to do so. Moreover, the Trademark has been in use by Mr. Demcenko long before SRL was even formed, and at least as early as December 1996. Any and all use of the trademarks by INC has been properly authorized by the initial owner of such trademarks, namely Mr. Demcenko. In essence, considering the prior use by Mr. Demcenko and in the absence of any agreement to the contrary (and we are sure that this is the reason that you were unable to provide any evidence to the contrary), SRL was using the trademark, the site and other related intellectual property rights relating thereto under a permission, i.e. license, from Mr. Demcenko.

In light of above, we strongly disagree, and we are sure that any court will too, with the conclusion made in your letter and believe that your client has no legal grounds to make the demands stated therein. We strongly advise you of a need to apply a proper legal analysis as provided above, as well as some common sense, when determining your client's rights and obligations regarding its agreements. Therefore, we are advising Mr. Demcenko that the claims made in your letter are legally and factually frivolous, and if you or your client persist with these nuisance demands and/or baseless legal actions, your client will be liable for any attorney's fees and costs associated with such efforts.

Be advised that any disparaging, untrue, slanderous and/or libelous statements made to any third party concerning the alleged liability of INC or Mr. Demcenko will be vigorously prosecuted by our client. As you are aware, it is illegal to make a misrepresentation or disparaging or false accusation concerning our client to its business partners and distributors, public or any other third parties, and such actions are likely to violate laws prohibiting tortious

*International Legal Counsels PC*

JANUARY 4, 2012
PAGE 4 OF 5

interference with contractual relationship and/or tortious intentional interference with prospective economic advantage and/or constitute fraud and/or libel and defamation. Therefore, you and your client must cease and desist from any such illicit actions, if any, and you are hereby placed on notice that any such actions will be prosecuted to the fullest extent of the law.

This letter shall be deemed a settlement communications, and our client reserves all rights granted to it by law and specifically reserves the right to withdraw any offers before they are accepted or before any payments are made and to avail itself of any enforcement, legal action or relief available to him in law or equity. Additionally, this letter is without prejudice to all further rights our client or its publishers, licensors or licensees may have, including, without limitation, rights to injunctive relief, profits, damages, statutory damages, royalties and attorney's fees.

We are certainly hopeful that your letter was the result of some miscommunication or misunderstanding on your part and we hope that you were simply misled by your client. However, our client does not wish to escalate the conflict and we would consider this matter being fully resolved if no further actions are undertaken by your client regarding INC and if he voluntarily resigns from the position of CEO of SRL restoring the proper status quo. Should you have any questions, please address any communications regarding this matter to us as follows:

*Dmitri I. Dubograev, Esq.*
*femida.us (aka Int'l Legal Counsels PC)*
*901 N. Pitt Street, Suite 325*
*Alexandria, VA 22314*
*e-mail: info@legal-counsels.com*
*facsimile: 1.202.318.0723*

Thank you for your time and prompt attention to this matter.

Very truly yours,

Dmitri Dubograev, Esq.

cc:   TuCows.com Co (pkarkas@tucows.com; privacy@tucows.com)
      CIFNet, Inc. (hostmaster@cifnet.com)
      Maxim Masiutin (office@ritlabs.com)

Alexandria, VA • *affiliated offices:* Washington • Paris • Moscow

*International Legal Counsels PC*
January 4, 2012
Page 5 of 5

Exhibit A

Certificate of Translation

I, Crijevitchi Oxana, state under penalty of perjury that I am familiar with the English and the Russian language and am competent to make translations and that I have made the attached translation into English of the document entitled or pertaining to:

General Meeting of Company's founders "RITLABS" Ltd

and that it is a complete and accurate translation thereof.

Dated: 29.09.2011

Signed: _____

Print Name and Address: Crijevitchi Oxana, 180 Stefan cel Mare Street, Kishinev, Republic of Moldova.

*Translation into English*

# General Meeting of Company's founders "RITLABS" Ltd

Mun. Chisinau                                     03.01.2001.

### Were present:

| | |
|---|---|
| Demcenco Serghei Ivan | - 40% shared capital |
| Masiutin Maxim Ghenadii | - 30% shared capital |
| Tanurcov Stepan Stepan | - 30% shared capital |

### Speakers:

- Vice-director    – Tanurcov S.S.
- Chief-accountant – Talmatskii I.O.

### Order of the Day:

Determination of Demcenco Serghei Ivan as representative of company "RITLABS" S.L.L. abroad.

### Have decided:

To give the right to Serghei Demcenco to represent the company abroad with the right of negotiation for branches' organization, finding of investment and control of finance.

Have voted:

### Signatures:

Demceno S.I.          _____

Tanurcov S.S.         _____

Masiutin M.G.         _____

**Общее собрание учредителей
фирмы "RITLABS" SRL**

мун.Кишинэу                                              03.01.2001.

Присутствовали:

| | | |
|---|---|---|
| Демченко Сергей Иванович | - | 40% уставного капитала |
| Масютин Максим Геннадьевич | - | 30% уставного капитала |
| Танурков Стефан Степанович | - | 30% уставного капитала |

Докладчики:

- Заместитель директора – Танурков С.С.
- Главный бухгалтер – Талмацкий И.О.

Повестка дня:

Определение полномочий Демченко Сергея Ивановича как представителя компании "RITLABS" SRL за рубежом.

Решили:

Сергею Демченко предоставить право представлять компанию за рубежом с правами ведения переговоров по организации филиалов, дочерних компаний, поиску инвестиций и контролю над привлеченными финансами.

Проголосовали :

Подписи:

Демченко С.И.        _[signature]_

Танурков С.С.        _[signature]_

Масютин М.Г.         _____