# EXHIBIT JJJ

# L-1A VISA
# QUESTIONNAIRE FOR EMPLOYER
# 2011
Initial Filing

**This questionnaire should be filled out completely and accurately. If you do not understand a question or have any other problems regarding any of the items, please feel free to make a note or explanation next to the question or on a blank piece of paper.**

## Information About the U.S. Company-Employer

1.   Company's Full Legal Name:_____RITLABS SRL _____

     d/b/a _____

2.   Mailing address:  _901 N PITT STR_____ #325 _____
     <span>Street</span>                                          <span>Suite</span>

     _ Alexandria _____ VA _____ 22314_____
     <span>city</span>                  <span>state</span>              <span>country</span>              <span>zip</span>

     _____FAIRFAX_____
     <span>county</span>

3.   Phone of employer (area code and number):   ___ (703) 870 3769_____

     Fax (area code and number) : ____(703) 870 3769_____

     E-mail address:___  office@ritlabs.us_____

     Website address:___ http://www.ritlabs.com_____

4.   Federal Employer Tax ID #: 27- 1683694

## 5.   Type of Business (describe business activity):

Company providing high-level service for automated email processing that develops and sells software for working with email.

The company focuses on designing and rendering high-tech online services in US and Eastern Europe and plans to direct the funds obtained from current dealer agreements for software realization on creating and promoting the new service - Personal Mail Assistant.

## The company provides the following services (list all):

### ___PMA – Personal mail assistant

_____

_____

_____

_____

_____

_____

_____

## The company provides the following products (list all):

## TheBat! – email client software

## BatPost! –Emil Server software

## TheBat! Voyager – portable email client software

## AceParking –iPhone App.

**6.**   Date Established: 7/14/2008

RINC008374                          CONFIDENTIAL

Has the company **ever** changed its name or legal structure since it was established?

☐ Yes                                                              ☑No

If YES, explain including all dates: _____

_____

_____

_____

_____

_____

_____

_____

_____

## Is the company undergoing corporate restructuring now or is it planning to go through corporate restructuring in the next year?  ☐ Yes        ☑No

If YES, explain including all dates: _____

_____

_____

_____

_____

3

_____

_____

_____

_____

**7.**     Current Number of Employees in the U.S.: __ 2 _____

How many employees are in H-1B status (count all part-time or full-timeemployees regardless of whether they are paid through a U.S. or foreign payroll)?

None

**How many employees are in L-1A or L-1B status (count all part-time orfull-time      employees regardless of whether they are paid through a U.S. or foreign payroll)?**

None

Current Number of Employees (outside U.S.):_4 _____

8.     Company's income:

| Income | 2009 | 2010 | Projected for 2011 |
|---|---|---|---|
| Gross Annual Income    none | | 85 828 | 200 000 |
| Net Annual Income    none | | | |

9.     D-U-N-S® Number: _____

NAICS code for the company: _____ 541511_____

SIC code: _____ 87 _____

(Both can be found at: http://www.naics.com/search.htm)

10.    Full name and title of person authorized to sign petitions and applications for foreign worker:

RINC008376                          CONFIDENTIAL

Name:   ___Serghei Demcenko_____

Title/Position:   ____ CEO_____

Phone (area code and number):   (703) 870 3769_____

Fax (area code and number):  __**(703) 870 3769**_____

E-mail address:_office@ritlabs.us_____

Email:_____

11.   With respect to the technology or technical data the US COMPANY will release or otherwise provide access to the foreign worker, the US COMPANY certifies that it has reviewed the Export Control Administration Regulations (EAR) and the International Traffic in Arms Regulations (ITAR) and has determined that:

☐  ☑A license is not required from either US Department of Commerce or the US Department of State to release such technology or technical data to the foreign worker; *or*

☐  ☑A license is required from the US Department of Commerce and/or the US Department of State to release such technology or technical data to the foreign worker and the US COMPANY will prevent access to the controlled technology or technical data by the foreign worker until and unless the US COMPANY has received the required license or other authorization to release it the foreign worker.

12.   U.S. company to the company abroad is (check all and attach the structure of the companies in US and abroad):

☐ Parent
☐ Branch
☐ Subsidiary
☑ Affiliate
☐ Joint Venture
☐ Partnership
☐ Other

If *Other*, explain the organizational structure here:

_____

_____

13.   List all U.S. and foreign parent company, branches, subsidiaries, affiliates, etc:

☑   RITLABS SRL, Moldova.

_____

5

_____

14.    If the US company is a new business:

-initial amount of investment into the company:_____

-date of investment_____

-bank through which the transaction is done for investment_____

-method of investment (wire transfer, credit, etc)_____

**Information About the Company Abroad (outside US)**

1.    Company's Full Legal Name:____ RITLABS SRL _____

       d/b/a _____ RITLABS _____

2.    Mailing address:  __Stefan Cel Mare 180_____ 102 ____
                           *Street*                                      *Suite*

       _ Chisinau _____Moldova _____ MD2004 ___
         *city*                *state*              *country*              *zip*

       _____
                                *county*

3.    Phone of employer (area code and number):  _+373 22 808410_____

       Fax (area code and number) : ____+373 22 808405 _____

       E-mail address:__ office@ritlabs.com_____

       Website address:___http://www.ritlabs.com_____

4.    Employer Tax ID #:___ 1003600096166 _____

# 5.    Type of Business (describe business activity):

##    ___Software development_____

_____
_____

**The company provides the following services (list all):**

_____
_____

_____
_____

_____
_____

_____
_____

**The company provides the following products (list all):**

**\_\_\_TheBat! – email client software_____**

**\_\_\_BatPost! –Emil Server software_____**

**\_\_\_TheBat! Voyager – portable email client software_____**

7

___Argus - comprehensive data transfer system

# 6.   Date Established: __feb 1998_____

Has the company **ever** changed its name or legal structure since it was established?

☐ Yes                                                    ☑No

If YES, explain including all dates: _____

_____

_____

_____

_____

_____

_____

_____

_____

## Is the company undergoing corporate restructuring now or is it planning to go through corporate restructuring in the next year?   ☐ Yes        ☑No

If YES, explain including all dates: _____

_____

_____

8

_____

_____

_____

_____

_____

_____

**7.** Current Number of Employees: _19 _____

8. Company's income:

| Income | 2009 | 2010 | Projected for 2011 |
|---|---|---|---|
| Gross Annual Income | $529,894 | $516,484 | $770,044 |
| Net Annual Income | $309,600 | $238,400 | $320,400 |

### Information About the Proposed Employment

1. Full name of sponsored employee:_____

   Have you ever filed any petitions/applications on behalf of this employee? ☐ Yes ☐No

   If YES, what type of application/petition?_____

   When did you file?_____

   Where did you file?_____

   What was the outcome? ☐Granted ☐Denied ☐Withdrawn ☐Pending ☐Other

   When?_____

2. Proposed Job Title: _____

3. Does position require any special knowledge or skill? List them here. (i.e. foreign language, knowledge of specific tools, instruments, programs, etc.)

RINC008381                              CONFIDENTIAL

_____

_____

Does position require employee to have any licenses? List them here. (Professional, Journeymen, etc.):

_____

_____

Is there anything unique or complex about position offered? ☐ Yes          ☐No

If YES, please describe:_____

_____

_____

4.      Address where the employee will work:

_____

Will employee work at any other locations?☐ Yes          ☐No

If YES, please complete the table:

| Location (city, state, country) | Proposed Dates (mm/dd/yy-mm/dd/yy) |
|---|---|
|  |  |

5.      Is this job unionized at the place of intended employment?     ☐ Yes       ☐No

6.      Is this a full-time position?                                   ☐ Yes
                                    ☐No

If no, give number of hours per week:        _____

7.      Proposed salary: $_____ / per year

8.      Other proposed benefits or compensation (housing, insurance, car, bonus, etc.):

| Benefit/Compensation | Value per year |
|---|---|
|  |  |

RINC008382                                    CONFIDENTIAL

9.      Job Title of Worker's Supervisor: _____

10.     Number of Workers Alien Will Supervise: _____

11.     Dates of Intended Employment:  From ____/____/____ to ____/____/____

12.     How do you prefer to be informed about the progress of this case? (Please circle):

                    Email          Fax          Phone

*Please remember that it is __your responsibility__ to notify us about*

*-any changes in employment of the sponsored worker*

*-change of your address and contacting numbers.*

Date:_____        Signature:_____

11

Vermont Service Center
Attn: Premium Processing Unit
30 Houghton Street
St. Albans, Vermont 05478-2399



**U.S. Citizenship
and Immigration
Services**

# Facsimile Transmission

| | | | |
|---|---|---|---|
| **To:** | SERGE BAUER ESQ | **Fax Number:** 13019510620 | |

**Number of pages including cover:**  **Date:**  September 7, 2011

**From:**  Vermont Service Center – Premium Processing Unit  **Fax Number:** 802-288-1778

**Email:**  VSC-PREMIUM.PROCESSING@DHS.GOV

**Phone:**  1-866-315-5718

**Receipt Number:**

Attached you will find a copy of our decision concerning your case.

The original decision will follow via mail. If eligible to appeal our decision appeal forms will be included.

***Important***Important***Important***Important***

If responding to a Request for Evidence or Intent to Deny, ensure you include a copy of the decision immediately following your cover page and indicate the total number of pages included with your response. Please include the case receipt number (e.g. EAC01 000 12345) with all correspondence.

Ensure when responding to this request that you fax your response to our **NEW FAX NUMBER - 802-288-1778**.

If you wish to mail a response, it must be sent to the VSC Premium Processing Unit at 30 Houghton Street, St. Albans, VT 05478-2399. Do not send your response to the 75 Lower Welden Street address, as that will cause delays and will not restart the premium processing clock until the response is identified as a premium processing case.

Title 8 CFR Section 103.2(b)(11) Submission of evidence in response to a Service request states:

All evidence submitted in response to a Service request must be submitted at one time. The submission of only some of the requested evidence will be considered a request for a decision based on the record.

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication may be strictly prohibited. If you received this communication in error, please notify the sender immediately by telephone and return the communication at this address above via United States Postal Service. Thank you.

RINC008384

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Vermont Service Center
30 Houghton St (VSC Premium Processing)
St. Albans, VT 05478-2399



**U.S. Citizenship and Immigration Services**

September 07, 2011

*2011090701107086*

RITLABS INC
SERGE BAUER ESQ
SERGE BAUER PC
4500 N PARK AVE # 806
CHEVY CHASE MD  20815

A Number:

File Receipt Number          EAC1118850906

Applicant/Petitioner Name:     RITLABS INC
Beneficiary:DEMCENKO, SERGHEI

Dear Sir/Madam:

On June 14, 2011, you filed a petition to classify the beneficiary under section 101(a)(15)(L) of the Immigration and Nationality Act.

Section 101(a)(15)(L) defines an "intracompany transferee" as:

...an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him...

Section 101(a)(44) provides:

(A)  The term `managerial capacity' means an assignment within an organization in which the employee primarily--

(i) manages the organization, or a department, subdivision, function, or component of the organization;

(ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

RINC008385          www.uscis.gov          CONFIDENTIAL

Page 2 of 6

EAC1118850906

   (iii) if another employee or other employees are directly supervised, has the authority to hire and
fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or,
if no other employee is directly supervised, functions at a senior level within the organizational hierarchy
or with respect to the function managed; and

   (iv) exercises discretion over the day-to-day operations of the activity or function for which the
employee has authority.

   A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the
supervisor's supervisory duties unless the employees supervised are professional.

   (B)  The term `executive capacity' means an assignment within an organization in which the
employee primarily--

   (i) directs the management of the organization or a major component or function of the
organization;

   (ii) establishes the goals and policies of the organization, component, or function;

   (iii) exercises wide latitude in discretionary decision-making; and

   (iv) receives only general supervision or direction from higher level executives, the board of
directors, or stockholders of the organization.

   (C)  If staffing levels are used as a factor in determining whether an individual is acting in a
managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the
organization component, or function in light of the overall purpose and stage of development of the
organization, component or function. An individual shall not be considered to be acting in a managerial or
executive capacity (as previously defined) merely on the basis of the number of employees that the
individual supervises or has supervised or directs or  has directed.

The petitioner must establish that the position offered to the beneficiary when the petition was filed merits
classification as a managerial or executive position. Matter of Michelin Tire Corp., 17 I&N Dec. 248, 249
(Reg. Comm. 1978). The fact that the beneficiary manages a business does not necessarily establish
eligibility for classification as an intra-company transferee in a managerial or executive capacity within the
meaning of Section 101(a)(15(L) of the Act. See 52 Fed. Reg. 5738, 5739-40 (Feb. 26, 1987) (noting that
Section 101(a)(15)(L) of the Act does not include any and every type of "manager" or "executive").

The definitions of managerial and executive capacity have two parts. First, the petitioner must show that
the beneficiary performs the high-level responsibilities that are specified in the definitions. Second, the
petitioner must show that the beneficiary primarily performs these specified responsibilities and does not
spend a majority of his time on day-to-day functions. Champion World, Inc. v. INS, 940 F.2d 1533 (Table),
1991 WL 144470 (9th Cir., July 30, 1991).

Page 3 of 6

EAC1118850906

You are a software development, processing and realization company founded in 2008. While founded in
2008, you did not actively engage in business activities until 2010. As such your initial filing,
EAC1010852239, was treated as new office filing and approved for one year. On the current I-129
petition, you indicate you currently have two employees, have a gross annual income of $85,828 and a net
loss of $4,503. The initial submission did not establish that the beneficiary is employed in a primarily
executive or managerial capacity and it did not establish a qualifying relationship between the U.S. entity
and the foreign entity. So by notice, dated July 9, 2011, you were requested to submit evidence to address
these concerns.

On August 30, 2011, the United States Citizenship and Immigration Services (USCIS) received
correspondence containing your response. USCIS acknowledges the varied evidence submitted in your
response to the USCIS's request for evidence which supports your claim that the United States entity
appears to be doing business. It was not established, however, the beneficiary has been and will be acting
as a bona fide manager or executive per statute. The staffing of the organization is said to include a
president (the position the beneficiary occupies) and a secretary/office manager (the position held by the
beneficiary's spouse). Federal courts have generally agreed that USCIS may properly consider an
organization's small size as one factor in assessing whether its operations are substantial enough to support
a manager. *Family, Inc. v. U.S. Citizenship and Immigration Services*, 469 F.3d 1313, 1316 (U.S 9th Circuit
2006) (citing with approval *Republic of Transkel v. INS*, 923 F.2d 175, 178 (D.C. Circuit 1991); *Fedin Bros. Co. v.
Sava*, 905 F.2d 41, 42 (Second Circuit 1990) (per Curiam), and *Q Data Consulting Inc. v. INS*, 293 F. Supp. 2d
25, 29 (D.D.C. 2003)). It is appropriate for the USCIS to consider the size of the petitioning company in
conjunction with other relevant factors, such as the company's small personnel size, the absence of
employees who could perform the non-managerial or non-executive operations of the company, or a "shell
company" that does not conduct business in a regular and continuous manner. See, e.g. *Systronics Corp. v.
INS*, 153 F. Supp 2d 7, 15 (D.D.C. 2001).

Your Form 941, Employer's Quarterly Tax Return, for the first quarter of 2011 showed that one person,
the beneficiary, was compensated a total of $12,500. The Form 941, Employer's Quarterly Tax Return, for
the second quarter of 2011 showed that two people, the beneficiary and his spouse, were compensated
$16,667. The 2010 U.S. Corporation Income Tax Return showed gross receipt or sales of $85,928,
compensation of officers of $20,833 and a net loss of $4,503. Based on this financial documentation, it
does not appear your business has grown to the point where it can support the beneficiary in a primarily
managerial or executive capacity.

Although you indicate position descriptions and the time required to perform each task were provided, as
requested, USCIS was unable to locate this evidence in your response. Absent a representative breakdown
of the time spent by the beneficiary's employee(s) performing their duties, it cannot be concluded that the
majority of the beneficiary's duties would be managerial or executive, nor can it deduced whether the
beneficiary is primarily performing the duties of a functional manager. *IKEA US, Inc. v. U.S. Dept. of Justice*, 48
F. Supp. 2d 22, 24 (D.D.C. 1999). Further, your statements concerning the beneficiary's duties in the
initial filing identify several general managerial functions. The duties outlined do not specify exactly what
the beneficiary has been and will be doing which are managerial or executive in the context of your current
staffing arrangement. Conclusory assertions regarding the beneficiary's employment capacity are not
sufficient. Merely repeating the language of the statute or regulations does not satisfy the petitioner's
burden of proof. *Fedin Bros. Co., Ltd. v. Sava*, 724 F. Supp. 1103, 1108 (E.D.N.Y. 1989), aff'd, 905 F.2d 41
(2d. Cir., 1990), and *Avyr Associates, Inc. v. Meissner*, 1997 WL 188942 at *5 (S.D.N.Y.). A managerial
employee must have authority over day-to-day operations beyond the level normally vested in a first-line

Page 4 of 6

EAC1118850906

supervisor, unless the supervised employees are professionals. Section 101(a)(44)(A)(iv) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. at 604.

Based the size and nature of your business, it appears that the beneficiary has been and will be primarily engaged in providing sales and services to your organization's clients, not wholly directing the organization as asserted by you. A managerial employee must have authority over day-to-day operations beyond the level normally vested in a first-line supervisor, unless the supervised employees are professionals. Section 101(a)(44)(A)(iv) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. at 604. Given the size and nature of the business, it is more likely than not that the beneficiary and his subordinate employee have already and will primarily perform the tasks necessary to the operation of the business. See generally Family, Inc. v. U.S. Citizenship and Immigration Services, 469 F.3d 1313 (9th Cir. 2006). An employee who "primarily" performs the tasks necessary to produce a product or to provide services is not considered to be "primarily" employed in a managerial or executive capacity. See sections 101(a)(44)(A) and (B) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. 593, 604 (Comm. 1988).

The staff member's duties as described in the initial filing do not demonstrate that the position is managerial or executive in nature. As such, the record does not currently show what the beneficiary has done and will do which would qualify him as an executive, other than in position title. While your statements attest to the challenging nature of his duties, the position, when examined in the context of your current staffing arrangement, does not serve to demonstrate that the preponderance of the beneficiary's job duties have been and will be so complex that they could be considered professional in nature. An employee will not be considered to be an executive simply because of a job title, because he is arbitrarily placed on an organizational chart in a position superior to another employee, or even because he supervises daily work activities and assignments. Rather, the employee must be shown to possess some significant degree of control or authority over the employment of subordinates. See generally Browne v. Signal Mountain Nursery, L.P., 286 F.Supp.2d 904, 907 (E.D. Tenn. 2003) (Cited in Hayes v. Laroy Thomas, Inc., 2007 WL 128287 at *16 (E.D. Tex. Jan. 11, 2007)). The idea that he will appear to do a similar job as his subordinates relinquishes that control.

In view of the above, you have not established the beneficiary has been and will be employed in a primarily managerial or an executive capacity.

On the I-129 petition, it is stated that the United States company is an affiliate of the foreign company. According to regulation, affiliate means (1) one of two subsidiaries both of which are owned and controlled by the same parent or individual, or (2) one of two legal entities owned and controlled by the same group of individuals, each owning and controlling approximately the same share or portion of each entity. You indicate on the petition that Ritlabs, Inc is 100% owned by Mr. Serghei Demcenko and Mr. Serghei Demcenko owns 40% of Ritlabs, SRL. You provided a copy of the Minutes of the Annual Meeting of Shareholders of Ritlabs, Inc. dated July 30, 2011 in which it was shown the beneficiary owns 300 shares and his spouse owns 15 shares. Based on this document the beneficiary owns 95.3 % of the company and his spouse owns 4.7% of the company. Additionally, you provided a copy of you 2010 U.S. Corpration Income Tax Return which showed the beneficiary owned 95% of the U.S. company. Based on the information provided, it was not demonstrated that a qualifying relationship exists between the United States and foreign entities because it was not shown the U.S. entity was one of two subsidiaries both of which are owned and controlled by the same parent or individual, or one of two legal entities owned and controlled by the same group of individuals, each owning and controlling approximately the same share or portion of each entity.

Page 5 of 6

EAC1118850906

In response to USCIS's Notice of Action, you provided evidence that Ritlabs LLC acquired 39 shares of the Ritlabs, Inc., an ownership organizational chart and a letter from Galina Peroslan, Esq. from International Legal Counsels PC. It is not clear how Ritlabs, LLC fits into the ownership structure of the organization as this is the first time the business appeared in the evidence of record. Further, Ritlabs, LLC does not appear on the ownership organizational chart. The only two companies referenced in the initial filing were Ritlabs, Inc. and Ritlabs, SRL. If Ritlabs, LLC and Ritlabs, SRL are the same organization evidence was not provided to demonstrate they are the same company.

The letter from International Legal Counsels PC indicates they are in possession of a Subscription Agreement, dated May 1, 2011 and related resolutions of the Board of Directors of Ritlabs USA, allowing for issuance of shares to Ritlabs, LLC which gave Ritlabs, LLC an eleven percent ownership stake in Ritlabs, Inc. The Subscription Agreement and related resolutions of the Board of Directors of Ritlabs USA were not provided as evidence and as such could not be reviewed to establish a qualifying relationship.

**It is noted that this petition was filed with USCIS on June 14, 2011, six weeks after this claimed change in ownership and as such the petitioner had ample time to include this ownership information in the initial filing. _Matter of Izummi_, Interim Decision 3360 (Assoc. Comm. 1998), held that a petitioner may not make material revisions to his or her petition for the purpose of making a deficient petition comply with Service requirements.**

It was decided in Matter of Ho, 19 I&N Dec. 582 (BIA 1988), that doubt cast on any aspect of the petitioner's proof may lead to a re-evaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition. It is incumbent upon the petitioner to resolve any inconsistencies in the record by independent objective evidence. Any attempt to explain or reconcile such inconsistencies will not suffice unless the petitioner submits competent objective evidence pointing to where the truth lies.

The is USCIS not obligated to approve petitions where eligibility has not been demonstrated. (See Matter of M--, 4 I. & N. Dec. 532 (A.G.1952; BIA 1952); Pearson v. Williams, 202 U.S. 281 (1906); Mannerfrid v. Brownell, 145 F. Supp. 55 (D.D.C. 1956), affirmed 238 F. 2nd. 32 (D.C. Cir. 1956); Lazarescu v. United States, 199 F. 2nd 898 (4th Cir. 1952), and U.S. ex. rel. Vajta v. Watkins, 179 F. 2nd 137 (2nd Cir.1950)).

Therefore, the beneficiary does not qualify for classification under Section 101 (a) (15) (L) of the Act.

Your petition is hereby denied.

If applicable, the portion of the petition requesting an extension of stay or change of status for the alien is now being denied as the nonimmigrant visa petition filed in the alien's behalf has been denied.

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may appeal this decision by filing a completed Form I-290B, Notice of Appeal or Motion. A copy is enclosed. You may also include a brief or other written statement in support of your appeal. The appeal must be filed within 33 days from the date of this notice. If a motion or appeal is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

CONFIDENTIAL

Page 6 of 6

EAC1118850906


USCIS 290B
PO Box 21100
Phoenix AZ 85036


For more information about the filing requirements for appeals and motions, please see 8 CFR103.3 or 103.5, visit the USCIS website at www.uscis.gov, or contact the automated Form Request Line by calling 1-800-870-3676.

FINAL NOTE: Title 8, Code of Federal Regulations, Section 265.1 states in pertinent part, "Except for those exempted by section 263(b) of the Act, all aliens in the United States required to register under section 262 of the Act shall report each change of address and new address within 10 days on Form AR-11."

Sincerely,

Daniel M. Renaud
Center Director


ENCLOSURE: I290B


**CC: RITLABS INC**

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Vermont Service Center
30 Houghton St (VSC Premium Processing)
St. Albans, VT 05478-2399



**U.S. Citizenship
and Immigration
Services**

September 07, 2011

RITLABS INC
SERGE  BAUER ESQ
SERGE BAUER PC
4500 N PARK AVE # 806
CHEVY CHASE MD   20815

A Number:

File Receipt Number    EAC1118850906

Applicant/Petitioner Name:  RITLABS INC
Beneficiary:DEMCENKO, SERGHEI

Dear Sir/Madam:

On June 14, 2011, you filed a petition to classify the beneficiary under section 101(a)(15)(L) of the
Immigration and Nationality Act.

Section 101(a)(15)(L) defines an "intracompany transferee" as:

...an alien who, within 3 years preceding the time of his application for admission into the United
States, has been employed continuously for one year by a firm or corporation or other legal entity or an
affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to
render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial,
executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if
accompanying him or following to join him...

Section 101(a)(44) provides:

   (A)  The term `managerial capacity' means an assignment within an organization in which the
employee primarily--

      (i) manages the organization, or a department, subdivision, function, or component of the
organization;

      (ii) supervises and controls the work of other supervisory, professional, or managerial employees,
or manages an essential function within the organization, or a department or subdivision of the
organization;

                                              CONFIDENTIAL
S
                                              www.uscis.gov

EAC1118850906

    (iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

    (iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.

    A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

    (B)  The term `executive capacity' means an assignment within an organization in which the employee primarily--

    (i) directs the management of the organization or a major component or function of the organization;

    (ii) establishes the goals and policies of the organization, component, or function;

    (iii) exercises wide latitude in discretionary decision-making; and

    (iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

    (C)  If staffing levels are used as a factor in determining whether an individual is acting in a managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the organization component, or function in light of the overall purpose and stage of development of the organization, component or function.  An individual shall not be considered to be acting in a managerial or executive capacity (as previously defined) merely on the basis of the number of employees that the individual supervises or has supervised or directs or  has directed.

The petitioner must establish that the position offered to the beneficiary when the petition was filed merits classification as a managerial or executive position.  Matter of Michelin Tire Corp., 17 I&N Dec. 248, 249 (Reg. Comm. 1978). The fact that the beneficiary manages a business does not necessarily establish eligibility for classification as an intra-company transferee in a managerial or executive capacity within the meaning of Section 101(a)(15(L) of the Act. See 52 Fed. Reg. 5738, 5739-40 (Feb. 26, 1987)(noting that Section 101(a)(15)(L) of the Act does not include any and every type of "manager" or "executive").

The definitions of managerial and executive capacity have two parts.  First, the petitioner must show that the beneficiary performs the high-level responsibilities that are specified in the definitions.  Second, the petitioner must show that the beneficiary primarily performs these specified responsibilities and does not spend a majority of his time on day-to-day functions. Champion World, Inc. v. INS, 940 F.2d 1533 (Table), 1991 WL 144470 (9th Cir., July 30, 1991).

EAC1118850906

You are a software development, processing and realization company founded in 2008. While founded in 2008, you did not actively engage in business activities until 2010. As such your initial filing, EAC1016852239, was treated as new office filing and approved for one year. On the current I-129 petition, you indicate you currently have two employees, have a gross annual income of $85,828 and a net loss of $4,503. The initial submission did not establish that the beneficiary is employed in a primarily executive or managerial capacity and it did not establish a qualifying relationship between the U.S. entity and the foreign entity. So by notice, dated July 9, 2011, you were requested to submit evidence to address these concerns.

On August 30, 2011, the United States Citizenship and Immigration Services (USCIS) received correspondence containing your response. USCIS acknowledges the varied evidence submitted in your response to the USCIS's request for evidence which supports your claim that the United States entity appears to be doing business. It was not established, however, the beneficiary has been and will be acting as a bona fide manager or executive per statute. The staffing of the organization is said to include a president (the position the beneficiary occupies) and a secretary/office manager (the position held by the beneficiary's spouse). Federal courts have generally agreed that USCIS may properly consider an organization's small size as one factor in assessing whether its operations are substantial enough to support a manager. *Family, Inc. v. U.S. Citizenship and Immigration Services*, 469 F.3d 1313, 1316 (U.S 9th Circuit 2006)(citing with approval *Republic of Transkei v. INS*, 923 F.2d 175, 178 (D.C. Circuit 1991); *Fedin Bros. Co. v. Sava*, 905 F.2d 41, 42 (Second Circuit 1990) (per Curiam), and *Q Data Consulting Inc. v. INS*, 293 F. Supp. 2d 25, 29 (D.D.C. 2003)). It is appropriate for the USCIS to consider the size of the petitioning company in conjunction with other relevant factors, such as the company's small personnel size, the absence of employees who could perform the non-managerial or non-executive operations of the company, or a "shell company" that does not conduct business in a regular and continuous manner. See, e.g. *Systronics Corp. v. INS*, 153 F. Supp 2d 7, 15 (D.D.C. 2001).

Your Form 941, Employer's Quarterly Tax Return, for the first quarter of 2011 showed that one person, the beneficiary, was compensated a total of $12,500. The Form 941, Employer's Quarterly Tax Return, for the second quarter of 2011 showed that two people, the beneficiary and his spouse, were compensated $16,667. The 2010 U.S. Corporation Income Tax Return showed gross receipt or sales of $85,928, compensation of officers of $20,833 and a net loss of $4,503. Based on this financial documentation, it does not appear your business has grown to the point where it can support the beneficiary in a primarily managerial or executive capacity.

Although you indicate position descriptions and the time required to perform each task were provided, as requested, USCIS was unable to locate this evidence in your response. Absent a representative breakdown of the time spent by the beneficiary's employee(s) performing their duties, it cannot be concluded that the majority of the beneficiary's duties would be managerial or executive, nor can it deduced whether the beneficiary is primarily performing the duties of a functional manager. *IKEA US, Inc. v. U.S. Dept. of Justice*, 48 F. Supp. 2d 22, 24 (D.D.C. 1999). Further, your statements concerning the beneficiary's duties in the initial filing identify several general managerial functions. The duties outlined do not specify exactly what the beneficiary has been and will be doing which are managerial or executive in the context of your current staffing arrangement. Conclusory assertions regarding the beneficiary's employment capacity are not sufficient. Merely repeating the language of the statute or regulations does not satisfy the petitioner's burden of proof. *Fedin Bros. Co., Ltd. v. Sava*, 724 F. Supp. 1103, 1108 (E.D.N.Y. 1989), aff'd, 905 F.2d 41 (2d. Cir., 1990), and *Avyr Associates, Inc. v. Meissner*, 1997 WL 188942 at *5 (S.D.N.Y.). A managerial employee must have authority over day-to-day operations beyond the level normally vested in a first-line

EAC1118850906

supervisor, unless the supervised employees are professionals. Section 101(a)(44)(A)(iv) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. at 604.

Based the size and nature of your business, it appears that the beneficiary has been and will be primarily engaged in providing sales and services to your organization's clients, not wholly directing the organization as asserted by you. A managerial employee must have authority over day-to-day operations beyond the level normally vested in a first-line supervisor, unless the supervised employees are professionals. Section 101(a)(44)(A)(iv) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. at 604. Given the size and nature of the business, it is more likely than not that the beneficiary and his subordinate employee have already and will primarily perform the tasks necessary to the operation of the business. See generally Family, Inc. v. U.S. Citizenship and Immigration Services, 469 F.3d 1313 (9th Cir. 2006). An employee who "primarily" performs the tasks necessary to produce a product or to provide services is not considered to be "primarily" employed in a managerial or executive capacity. See sections 101(a)(44)(A) and (B) of the Act; see also Matter of Church of Scientology International, 19 I&N Dec. 593, 604 (Comm. 1988).

The staff member's duties as described in the initial filing do not demonstrate that the position is managerial or executive in nature. As such, the record does not currently show what the beneficiary has done and will do which would qualify him as an executive, other than in position title. While your statements attest to the challenging nature of his duties, the position, when examined in the context of your current staffing arrangement, does not serve to demonstrate that the preponderance of the beneficiary's job duties have been and will be so complex that they could be considered professional in nature. An employee will not be considered to be an executive simply because of a job title, because he is arbitrarily placed on an organizational chart in a position superior to another employee, or even because he supervises daily work activities and assignments. Rather, the employee must be shown to possess some significant degree of control or authority over the employment of subordinates. See generally Browne v. Signal Mountain Nursery, L.P., 286 F.Supp.2d 904, 907 (E.D. Tenn. 2003)(Cited in Hayes v. Laroy Thomas, Inc., 2007 WL 128287 at *16 (E.D. Tex. Jan. 11, 2007)). The idea that he will appear to do a similar job as his subordinates relinquishes that control.

In view of the above, you have not established the beneficiary has been and will be employed in a primarily managerial or an executive capacity.

On the I-129 petition, it is stated that the United States company is an affiliate of the foreign company. According to regulation, affiliate means (1) one of two subsidiaries both of which are owned and controlled by the same parent or individual, or (2) one of two legal entities owned and controlled by the same group of individuals, each owning and controlling approximately the same share or portion of each entity. You indicate on the petition that Ritlabs, Inc is 100% owned by Mr. Serghei Demcenko and Mr. Serghei Demcenko owns 40% of Ritlabs, SRL. You provided a copy of the Minutes of the Annual Meeting of Shareholders of Ritlabs, Inc. dated July 30, 2011 in which it was shown the beneficiary owns 300 shares and his spouse owns 15 shares. Based on this document the beneficiary owns 95.3 % of the company and his spouse owns 4.7% of the company. Additionally, you provided a copy of you 2010 U.S. Corpration Income Tax Return which showed the beneficiary owned 95% of the U.S. company. Based on the information provided, it was not demonstrated that a qualifying relationship exists between the United States and foreign entities because it was not shown the U.S. entity was one of two subsidiaries both of which are owned and controlled by the same parent or individual, or one of two legal entities owned and controlled by the same group of individuals, each owning and controlling approximately the same share or portion of each entity.

EAC1118850906

In response to USCIS's Notice of Action, you provided evidence that Ritlabs LLC acquired 39 shares of the Ritlabs, Inc., an ownership organizational chart  and a letter from Galina Perosian, Esq. from International Legal Counsels PC.  It is not clear how Ritlabs, LLC fits into the ownership structure of the organization as this is the first time the business appeared in the evidence of record.  Further, Ritlabs, LLC does not appear on the ownership organizational chart.  The only two companies referenced in the initial filing were Ritlabs, Inc. and Ritlabs, SRL.  If Ritlabs, LLC and Ritlabs, SRL are the same organization evidence was not provided to demonstrate they are the same company.

The letter from International Legal Counsels PC indicates they are in possession of a Subscription Agreement, dated May 1, 2011 and related resolutions of the Board of Directors of Ritlabs USA, allowing for issuance of shares to Ritlabs, LLC which gave Ritlabs, LLC an eleven percent ownership stake in Ritlabs, Inc.  The Subscription Agreement and related resolutions of the Board of Directors of Ritlabs USA were not provided as evidence and as such could not be reviewed to establish a qualifying relationship.

It is noted that this petition was filed with USCIS on June 14, 2011, six weeks after this claimed change in ownership and as such the petitioner had ample time to include this ownership information in the initial filing.  Matter of Izummi, Interim Decision 3360 (Assoc. Comm. 1998), held that a petitioner may not make material revisions to his or her petition for the purpose of making a deficient petition comply with Service requirements.

It was decided in Matter of Ho, 19 I&N Dec. 582 (BIA 1988), that doubt cast on any aspect of the petitioner's proof may lead to a re-evaluation of the reliability and sufficiency of the remaining evidence offered in support of the visa petition.  It is incumbent upon the petitioner to resolve any inconsistencies in the record by independent objective evidence.  Any attempt to explain or reconcile such inconsistencies will not suffice unless the petitioner submits competent objective evidence pointing to where the truth lies.

The is USCIS not obligated to approve petitions where eligibility has not been demonstrated.  (See Matter of M--, 4 I. & N. Dec. 532 (A.G.1952; BIA 1952); *Pearson v. Williams*, 202 U.S. 281 (1906); *Mannerfrid v. Brownell*, 145 F. Supp. 55 (D.D.C. 1956), affirmed 238 F. 2nd. 32 (D.C. Cir. 1956); *Lazarescu v. United States*, 199 F. 2nd 898 (4th Cir. 1952), and *U.S. ex. rel. Vajta v. Watkins*, 179 F. 2nd 137 (2nd Cir.1950)).

Therefore, the beneficiary does not qualify for classification under Section 101(a)(15)(L) of the Act.

Your petition is hereby denied.

If applicable, the portion of the petition requesting an extension of stay or change of status for the alien is now being denied as the nonimmigrant visa petition filed in the alien's behalf has been denied.

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may appeal this decision by filing a completed Form I-290B, Notice of Appeal or Motion.  A copy is enclosed.  You may also include a brief or other written statement in support of your appeal.  The appeal must be filed within 33 days from the date of this notice.  If a motion or appeal is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

CONFIDENTIAL
S



EAC1118850906

USCIS 290B
PO Box 21100
Phoenix AZ 85036

For more information about the filing requirements for appeals and motions, please see 8 CFR103.3 or 103.5, visit the USCIS website at www.uscis.gov, or contact the automated Form Request Line by calling 1-800-870-3676.

FINAL NOTE: Title 8, Code of Federal Regulations, Section 265.1 states in pertinent part, "Except for those exempted by section 263(b) of the Act, all aliens in the United States required to register under section 262 of the Act shall report each change of address and new address within 10 days on Form AR-11."

Sincerely,

Daniel M. Renaud
Center Director

ENCLOSURE: I290B

CC: RITLABS INC